### GLEASON *v.* FLORIDA.

1. No writ of error to a State court can issue without allowance, either by the proper judge of the State court or by a judge of this court, after examination of the record, in order to see whether any question cognizable here on appeal was made and decided in the proper court of the State, and whether the case, upon the face of the record, will justify the allowance of the writ; and this is to be considered as the settled construction of the Judiciary Act on this subject. Writ dismissed accordingly.

2. *Doubted.* Whether in any case the affidavit of a party to the record can be used as evidence of the fact of such allowance. And the affidavit of such a party refused in a case where the court thought it highly probable that he was mistaken in his recollection.

MOTION *by Mr. Howe* to dismiss a writ of error to the Supreme Court of Florida, which had been taken under the twenty-fifth section of the Judiciary Act; but which that counsel conceived did not come within that act.

The record showed an information, in the nature of a writ of quo warranto, in the Supreme Court of the State of

Florida, in the name of the State, by the attorney-general of the State, against William H. Gleason, charging him with exercising the office of lieutenant governor in violation of the State constitution, and demanding an answer by what warrant or authority he claimed to hold that office.

To this information Gleason filed an answer denying the jurisdiction of the court, and the lawfulness of the proceeding against him, on several distinct grounds, all of which were overruled by the court, and he was required to answer upon the merits.

Thereupon he put in a demurrer, and subsequently, before argument on the demurrer, filed a petition for the removal of the cause into the Circuit Court of the United States for the Northern District of Florida, in the exercise, as he asserted, of his right under certain acts of Congress particularly specified, and generally under the laws of the United States.

The petition was denied, and the demurrer was overruled, and leave was given to him to plead to the information or show cause why judgment of ouster should not be entered against him.

In pursuance of the leave thus given, Gleason showed cause, and, among other things, alleged that he was eligible, and was elected to the office held by him under the acts of Congress known as the reconstruction acts, and was, therefore, entitled to the office, though not qualified by three years' residence in the State, according to the provision of the State constitution.

But the defence, as well as all other defences set up by him, was overruled by the court, and judgment of ouster was rendered against him, to reverse which he presented this writ of error.

The motion to dismiss as not within the twenty-fifth section coming on to be heard, it was observed that the record before this court contained no allowance of the writ of error, and thereupon a suggestion of diminution of record was made by *Mr. B. F. Butler for the plaintiff in error*, and time given to procure a complete copy. The case coming up

again the complete copy expected was not produced; but an affidavit of the plaintiff in error, Gleason, was relied on to excuse the want of it.  The affidavit stated that after the judgment below, Gleason petitioned the chief justice of the Supreme Court of Florida to allow a writ of error to be sued out, &c.; but that the said chief justice refused his signature upon the ground that the State court had decided no question cognizable here upon writ of error; that thereupon the deponent went with his counsel to Mr. Justice Miller, of *this* court, with a petition similar to that which he had presented to the chief justice of the Supreme Court of Florida, and also a form of citation and a form of bond, and that he and his counsel presented to the said Mr. Justice Miller those three papers, and stated the case, and that thereupon *that* judge made an indorsement upon the petition for the allowance of the writ of error, of the allowance of said petition, and dated it with his own hand and signed the citation and also approved the bond.  The affidavit went on to say, " that, not being acquainted with legal forms, the deponent was not curious to observe the precise form in which the judge made an entry upon the petition, but he does remember that he made an entry thereon, which he understood and believed and now understands and believes was an allowance and approval thereof."  The affidavit then further stated that the deponent " thereupon took the three papers, and immediately went to Tallahassee, Florida, arrived there, and filed the three papers.  Whereupon the writ of error was issued by the clerk of the Circuit Court."  The affidavit stated further that the deponent subsequently went to the clerk's office in Tallahassee, and could find neither the petition nor bond, which this deponent is certain he did file at the same time with the citation, but that he found the citation with the indorsement thereon.  [This paper was produced in this court, but not the petition.]

The deposition concluded with an allegation that the deponent verily believed that the bond and the petition for the writ of error, and the allowance which this deponent was certain he filed in the said court, had been taken from

the files thereof by some person, and for some purpose unknown.

Upon this affidavit and the matter of diminution, the case was again subsequently spoken to.

*Mr. Howe, in support of his motion to dismiss*, argued:

1. That the affidavit, assuming that the deponent's memory was to be trusted, could not supply the place of the record. But that his memory was not to be trusted, and that he had mistaken one paper for another.

2. That if it was received, the case was still not within the jurisdiction of this court under the twenty-fifth section; for that the record presented no question except such as arose wholly under the constitution and laws of Florida, and not under the Constitution or laws of the United States.

*Mr. B. F. Butler, contra*, relying on the affidavit as sufficient to show an allowance, argued that one of the chief points in controversy in the State court was, whether eligibility to office at the first election under the constitution framed under the acts of Congress known as the reconstruction acts, was determined by these acts, or by the constitution submitted to the people and adopted at that election. The plaintiff in error, he contended, claimed that under these acts he was eligible, was elected, and was entitled to hold his office, which claim was denied by the Supreme Court of Florida, and the jurisdiction of this court depended not upon the actual validity of his claim, but on the fact that it was specially set up and asserted by him under the laws of the United States, and that the decision of the State court was against its validity.

The CHIEF JUSTICE delivered the opinion of the court.

The court has considered the affidavit of the plaintiff in error, submitted by his counsel as evidence of the allowance of a writ of error in this case by one of the justices of this court; and without determining now whether, in any case, the affidavit of a party to the record can be used as evidence

of that fact, we are obliged to say that the affidavit sub·
mitted to us has failed to satisfy us that such an allowance
was in fact made.   The affidavit states that three papers,
namely, a petition for the writ of error, the form of a bond,
and a citation, were presented to the associate justice, and
lays some stress upon the fact that the papers were three in
number.   It omits to mention that any copy of the record
of the State court was presented to the judge, without which
it is obvious there could be no allowance of a writ of error.
It seems to us highly probable, therefore, that the plaintiff
in error is mistaken in his recollection.   A copy of the record
was probably one of the three papers of which he speaks.   In
the absence of any affidavit from the clerk who prepared the
papers, and of any showing of the loss of the petition by the
clerk of the Supreme Court of Florida, with whom the allow-
ance supposed to have been indorsed on it must, in regular
course, have been filed, we cannot regard the evidence of
allowance as sufficient, and must proceed to dispose of this
cause as if no such allowance were claimed to have been
made.

As respects jurisdiction under the twenty-fifth section of
the Judiciary Act, it seems to us that, considered under the
view presented with much force by the counsel for the plain-
tiff in error, a writ of error might have been properly enough
allowed under that section.   But, on looking into the record,
we find no allowance of the writ.   And this has been re-
peatedly held to be essential to the exercise by this court of
revisory jurisdiction over final judgments or decrees by the
courts of the States.   In the case of *Twitchell* v. *The Common-
wealth,*\* the rule which governs the allowance, by National
courts and judges, of writs of error to State courts, was thus
stated : " Writs of error to State courts have never been al-
lowed as of right.   It has always been the practice to submit
the record of the State court to a judge of this court, whose
duty has been to ascertain whether any question cognizable
here on appeal was made and decided in the proper court

---

\* 7 Wallace, 321.

of the State, and whether the case, upon the face of the record, will justify the allowance of the writ." And this may now be considered as the settled construction of the Judiciary Act on this subject. The foundation of the jurisdiction of this court over the judgments of State courts is the writ of error; and no writ of error to a State court can issue without allowance, either by the proper judge of the State court or by a judge of this court, after examination as just stated.

In this case the plaintiff in error has evidently acted under the impression that a writ of error to a State court is a matter of right. Under this impression he applied to the Chief Justice of the Supreme Court of Florida for his signature to a citation; but that magistrate, who had presided in the court where the proceeding for ouster had taken place, refused his signature, upon the ground that the State court had decided no question cognizable here upon writ of error. Application was then made to a judge of this court, by whom a citation was signed; but there was no allowance of a writ of error by him.

Under these circumstance the issuing of the writ of error was unauthorized, and the writ, not having been allowed, gives no jurisdiction to this court. It must, therefore, be

DISMISSED.

---

### NOTE.

Soon after this decision, came up a *motion by Mr. Peck for a supersedeas* in the case of *The Hartford Fire Insurance Company* v. *Van Duzer*, in error to the Supreme Court of Illinois. *Mr. T. L. Dickey, opposing.* Here, too, on looking into the record, the court could find no allowance of the writ of error to the court below. The writ of error was accordingly dismissed; the CHIEF JUSTICE delivering the opinion of the court that such allowance was indispensable to the jurisdiction of the court in error to revise the judgment of the highest court of a State. He observed that this has been repeatedly decided, and very recently at this term in the case of *Gleason* v. *Florida*, and that the motion for a writ of supersedeas, therefore, could not be considered.