Ex Parte—Robert A. Ivey and Benjamin D. Harrell.

1. The Supreme Court of Florida has no power to grant an injunction in the exercise of original jurisdiction.

2. The Constitution has not devolved upon the Supreme Court the duty of instructing officers how they shall canvass election returns before they have violated the law governing the canvassing of such returns; nor has the Legislature attempted to impose such a duty upon the court.

3. Mandamus does not lie to compel the performance of an official duty before there has been an actual default of performance. Allegations that the officers do not intend to perform the duty, or will not do so, are sufficient.

4. Where the Circuit Court has concurrent original jurisdiction with the Supreme Court, subject to the appellate jurisdiction of the latter tribunal, the Supreme Court may in the exercise of its discretion remit litigants to the former court for the exercise of original jurisdiction, and will do so where the convenience of the parties to the proposed proceeding and the interests of litigants to a crowded appellate docket dictate such course.

Application for injunction against the Board of State Canvassers.

### STATEMENT.

The substance of the petition is, that petitioners and J. R. Newlan and W. B. High were candidates in Suwannee county for members of the House of Representatives, and that Ivey received 601 votes, Harrell 613, Newlan 574, and High 579; and that the returns from precinct number two, forwarded to the Supervisor of Registration and County Judge, showed that Ivey received 90, and the said Harrell 102 votes at that precinct, and their competitors, Newlan 34, and High 35 votes, but before the meeting of the County Canvassers these returns had been purloined, stolen, or lost from the office of the Supervisor of Registration and County Judge, so that the same are not now, and were not at the time of the county canvass, in the custody, possession or control of the Supervisor of Registration or County Judge; and that in lieu of the true returns, a certain false, fraudulent and forged paper, purporting to be the returns, had been substituted and placed in each of said offices, which paper represented the vote for Ivey as 60, and for Harrell as 72; for Newlan 64, and High 65, and was canvassed and included by the County Canvassers in their enumeration of

the votes cast for members of the House of Representatives from that county, whereby the vote was made to appear, and was stated in the certificates of their canvass, forwarded by the County Board to the Governor and Secretary of State, as follows: for Ivey 571, for Harrell 583, for Newlan 600, and for High 609. That petitioners are advised and believe that, without the intervention of this court, it will be the duty of the State Board of Canvassers to count and canvass these certificates and certify that Newlan and High were elected; whereas, petitioners allege, upon a canvass of the true vote cast in Suwannee county, the certificate ought to be in favor of petitioners.

The prayer of the petition is as follows:

1. For an order that the Board of State Canvassers do not canvass the certificate of the result of the election for members of the House of Representatives from Suwannee county, until the further order of this court, or show cause on a certain day to be fixed, why they should not do so.

2. An order that the Secretary of State do not issue certificate of election to Newlan or High, or other persons, until the further order of this court, or show cause why he should not comply with such order.

3. That the court may inquire into the premises and ascertain and declare the true vote of district number two at such election.

4. That this court may inquire into the premises and ascertain and declare the true vote cast at the election in the county of Suwannee for members of the House of Representatives.

5. That the officers who canvassed the alleged precinct returns, the true vote of said election district number two for members of the House of Representatives having first been ascertained, adjudged and declared by this honorable court,

may be required to meet at the office of the Supervisor of Registration of Electors of said county, at such time as the court may direct, and canvass the vote of the precinct in accordance with the ascertainment, declaration and judgment of this court, and certify the same in duplicate to the Secretary of State and Governor, or show cause on a day to be fixed why they should not comply with the order.

6. The true vote of the county having been certified by the Board of County Canvassers of Suwannee County in accordance with the determination and judgment of this court, that the Board of State Canvassers shall be required to canvass the same for members of the House of Representatives, and that the Secretary of State be required to give certificate in accordance with the result ascertained by such canvass.

7. Such other and further relief as the case may require.

The other facts of the case are stated in the opinion.

*Loton M. Jones and J. N. Stripling* for petitioners.

RANEY, C. J. The relief prayed against the Board of State Canvassers is preventive. It is not alleged that they have violated any duty imposed upon them by law; on the contrary, petitioners are advised and believe it will be the duty of the board to canvass the county returns unless we interfere and prevent them from doing so. If this is their duty they cannot be interfered with in canvassing unless the law has made it our duty to give them directions as to canvassing returns before they shall have canvassed, and had provided that it shall be their duty to follow such directions. The Constitution has devolved no such duty upon us, nor has the Legislature attempted to do so. High on Injunctions, Vol 1, Sec. 42.

An injunction, in effect, is asked to restrain the board

from canvassing until the further order of the court, and the application for it is to the original jurisdiction of the court, but no power to issue this writ is found in the grant of our original jurisdiction made by the Constitution. Sec. 5, Art. V, Constitution. In State *ex rel.*, Bloxham vs. Board of State Canvassers, 13 Fla., 55, an injunction was granted by a Circuit Judge, where power to issue such writ in any proper case was unquestionable, restraining the board from canvassing and declaring the result until his further order, the statute then, as now, requiring the board to proceed to canvass the returns on a certain day, or sooner, if the returns were all in, and declare the result, and this court held the injunction to be unauthorized. Randall, C. J., speaking for the court, said the order was in effect an abrogation of the statute and was illegal.

Mandamus does not lie to compel the performance of an official duty by an officer until there has been an actual default by him in the performance of it. Commissioners of Lake county vs. State *ex rel.*, 24 Fla., 263. Allegations that officers do not intend to perform their duty, or will not do so, do not authorize the issue of the writ. State *ex rel.* vs. Board of County Canvassers, 17 Fla., 706, McConihe vs. State *ex rel., Ibid*, 238. No case for a mandamus against the State Board is made by the petition.

2. What has been said above is applicable also to the relief asked for as to the Secretary of State; and we do not feel it necessary to say anything further as to him, except to call attention to the fact that it was held in the Bloxham case *supra* that the Secretary of State could not be proceeded against by mandamus to require him to give a certificate until after the Board of State Canvassers had performed their duties, and he had been in default as to the

performance of the special duty devolved upon him. 13 Fla., 56, 75, 76.

3. As to any alleged default of duty by the County Canvassers of Suwannee county in canvassing precinct returns, our conclusion is to remit the petitioners to the Circuit Judge, whose jurisdiction in cases of mandamus is concurrent with ours. If they have a case for mandamus, he can administer justice with much more convenience and much less expense to all concerned than we can, as he and all the parties reside in the county of Suwannee. Proceedings in cases of this kind are usually prompt, and to say nothing of what might have been done since the county canvass, the time intervening between the announcement of this conclusion and the next term of this court—a period of say forty days—will fully suffice for a trial before that judge, and should either party be dissatisfied with his judgment an *appeal* can be taken to the term alluded to, at any time before its first day, such appeal being returnable to a day in term, if taken within thirty days of the term. Randall vs. Jacksonville Street Railroad Co., 19 Fla., 409. See Sammis vs. Wightman, 25 Fla., 547, 550 *et seq.*, distinguishing as to writs of error.

This exercise of discretion is also proper in view of the crowded condition of our appellate docket, and is not without precedent. *Ex parte* Mirzan, 119 U. S., 584, and cases cited. State *ex rel.* v. Stewart, 32 Mo., 379. Supreme Court Rule 30.

The petition is denied.