STATE OF FLORIDA on relation of Harry Edwards, *Relator,* v. J. K. TIPPETT, individually and as official Court Reporter for the Criminal Court of Record for Hillsborough County, Florida, and L. H. BURTON, individually and as Deputy Court Reporter of said Court, *Respondents.*

Division A.

Opinion filed March 11, 1931.

*Zewadski & Pierce,* for Relator;

*Chancey & Thomas,* for Respondents.

ELLIS, J.—Harry Edwards was tried and convicted in the Criminal Court of Record for Hillsborough County upon a criminal charge. After judgment he obtained a writ of error from this Court. The trial court by special order allowed the defendant sixty days within which to prepare and submit a bill of exceptions.

J. K. Tippett had been appointed sometime before by the Judge of the Court to the position of Official Reporter for the Criminal Court of Record for Hillsborough County under the provisions of Chapter 13609 Laws of Florida, 1929. L. H. Burton had been appointed by Tippett, with the court's approval, as a deputy. The two had served as Official Court Reporter and Deputy since their appointment for many months prior to the trial of Edwards. At the latter's trial Tippett and his Deputy "took down and reported" all the proceedings occurring at the trial including the testimony.

The trial court adjudged Edwards to be insolvent and unable to pay the costs and expenses of the appeal and he applied to Tippett for a "stenographic copy of the testimony taken during the trial" who refused to "write up the said record." Edwards then applied to the court by motion for a rule requiring Tippett to immediately "transcribe said testimony and deliver a copy or copies thereof" to Edwards or his attorneys. The court denied the motion. Edwards then applied to the Circuit Court and obtained an alternative writ of mandamus against Tippett individually and as Official Court Reporter and Burton individually and as Deputy Court Reporter to transcribe the testimony adduced in the case and furnish a copy of the transcription to Edwards or show cause why they refused to do so. The alternative writ was afterward amended so that the respondents were required to answer in their official capacity as Reporter and Deputy or as de facto officer and deputy.

A demurrer and motion to quash were interposed to the alternative writ and a motion for compulsory amendment to require the relator to confine the allegations of the writ to respondents as de jure officials or as de facto officials and not as both.

The court sustained the latter motion on the ground that the respondents were neither de jure nor de facto officers and relator declining to amend the court dismissed the cause. On the same day the motion to quash was also sustained. The relator seeks a reversal of the judgment on writ of error.

Chapter 13609, *supra,* provides for the appointment by the Judge of the Criminal Court of Record for Hillsborough County of a person to hold the position of Official Reporter for the Court during the pleasure of

the Judge. The duties and compensation of the Reporter are prescribed by the act. Section 2 requires the Reporter to report all cases tried in the Criminal Court of Record at the direction of the Judge or on request of counsel for the State or for the defendant. Section 3 provides for the payment of a salary to the Reporter of three thousand dollars by the County Commissioners out of the Fine and Forfeiture Fund. Section 4 provides that the Reporter shall furnish a typewritten transcript of the testimony and proceedings together with the charge of the court in any cause upon demand of the County Solicitor or the Judge of the Court and prescribes the fees to be paid therefor by the County and the fund out of which they shall be paid. Section 5 is a duplication of Section 4 as to fees which the Reporter shall receive for each typewritten transcript of his notes and provides for a demand for same being made by either party to the suit and requiring payment therefor by the party making such demand except when the transcripts are demanded by the Judge or the County Solicitor in which case payment is required to be made as required by Section 4. Section 6 provides that the certified report of the Official Reporter shall be ''prima facie a correct statement of such testimony and proceedings.'' Sections 7 and 8 contain no provisions in any wise affecting the merits of this controversy and Section 9 repeals all laws in conflict with the act and Section 10 prescribes when it shall go into effect.

In the case of Tippett v. Williams and others as members of and composing the Board of County Commissioners of Hillsborough County, reported in 99 Fla. 627, 127 South. Rep. 305, the relator obtained from this Court an alternative writ of mandamus against the County

Commissioners to approve for payment his claim for salary in the sum of $250. as Official Court Reporter for the month of July, 1929, and to require the Chairman of the Board, W. T. Williams, to draw a warrant for that amount in favor of the Relator. A demurrer and a motion to quash the alternative writ were interposed by the Respondents. The validity of the act was vigorously attacked. The relator moved for a peremptory writ, which was denied by a divided court on the authority of Hampton v. McClung, 47 Fla. 224, 37 South. Rep. 51.

The only issue in the case was the constitutionality of the act under which the relator was appointed Official Court Reporter and claimed the payment of the salary prescribed by it. The same question is necessarily involved in the case at bar because if the act is void no office was created and of course there can be no de facto officer when no office exists. A de facto officer is one who without lawful right exercises the functions of the office which he holds under such circumstances as are calculated to induce people without inquiry to suppose he is the officer. See State v. Murphy, 32 Fla. 138, 13 South. Rep. 705; 22 R. C. L. 592; 46 C. J. 1054.

While the order in the Tippett v. Williams case, *supra,* was a denial of the peremptory writ as the court was equally divided on the propriety of its issuing, the same conclusion would have been reached if the court had been unanimously of the opinion that the act was void as attempting to create an office and making improper provision for its being filled.

On the other hand, if the members of the Court had been of the opinion that the act created no office but merely provided for the appointment by the Judge of a person to perform certain duties as an aid to the court in

the administration of justice and the Legislature had power to direct the payment of his salary from the Fine and Forfeiture Fund the conclusion would have been different on the question of the relator's right to the payment of his salary.

In the case at bar, however, even assuming the power of the Judge of the Criminal Court under the provisions of the act to appoint an Official Court Reporter, the duties of the appointee would flow from his appointment and those duties as prescribed by the act are to report all cases tried in the said Criminal Court of Record at the direction of the Judge thereof or request of counsel for the State or counsel for defendant. The appointee is not required to furnish a typewritten transcript of the testimony and proceedings except upon demand of the County Solicitor or the Judge of the Criminal Court of Record. When such transcript is furnished the act by the provisions of Section 5 contemplates that the defendant may demand a copy upon the payment of the fees prescribed but where the Reporter has not been required by the Judge, counsel for the State or counsel for the defendant, to report the particular case no duty devolves upon him to do so.

Assuming that he held a valid appointment as Court Reporter, the mere fact of the appointment placed no duty upon him to report all cases tried in the court unless he had been directed by the Judge, counsel for the State or for the defendant. If he had been requested to report the particular case he may have declined upon the ground stated in the alternative writ, in which case the judge may have cancelled his appointment and appointed a successor. That he voluntarily appeared at the trial and took stenographic notes of the testimony and

proceedings placed no duty upon him to furnish type-written copies of his transcribed notes. It is not at all clear that under such circumstances, not having been directed previously to report the proceedings, would he have been required under the statute to furnish transcripts of his notes even upon demand of the Judge of the Court.

The alternative writ does not allege that the Respondent had been requested by the Judge, counsel for the State or the defendant's attorney, to report the case nor that after the trial was he required by the Judge or the County Solicitor to furnish typewritten transcripts of the testimony and proceedings. The writ, upon the other hand, affirmatively shows that the court refused to make such demand.

It follows, therefore, that no clear duty rested upon the Reporter to supply the transcripts, nor that the relator had the right to require the Reporter to supply it. See Myers v. State, 81 Fla. 32, 87 South. Rep. 80; State ex rel. Nuveen v. Greer, 88 Fla. 249, 102 South. Rep. 739.

Even if the Reporter's duties under the statute may be regarded as official no default by him in the performance of such duties has been made to appear by the allegations of the writ. See Lake County v. State, 24 Fla. 263, 4 South. Rep. 795; Ex parte Ivey, 26 Fla. 537, 8 South. Rep. 427.

No clear case is made by the writ in favor of Relator because the allegations of the writ are consistent with a rightful refusal on the part of the Respondent to furnish the transcript. See Scott v. State, 43 Fla. 396, 31 South. Rep. 244.

In this view of the case the order of the judge deny-

ing the peremptory writ and dismissing the cause was not erroneous.

The judgment is affirmed.

BUFORD, C.J., AND BROWN, J., concur.

WHITFIELD, P.J., AND TERRELL AND DAVIS, J.J., concur in the opinion and judgment.