STATE, *ex rel.* CARY D. LANDIS, as Attorney General, and E. K. DeLOACH, v. MAXWELL BAXTER.

165 So. 271.
Opinion Filed January 2, 1936.

*Cary D. Landis,* Attorney General, for Relators';
*Maxwell Baxter,* for Respondent.

ADAMS, Circuit Judge.—This is a proceeding to test the right of the Respondent, Maxwell Baxter, to continue in office as a member of the Broward County Port Authority.

In 1931 the Legislature by the provisions of Chapter 15107 provided that the members of the Authority then holding office should "hold the offices to which they were elected until Januàry 1st, 1935, *or until their successors have been elected and qualified.* (Italics ours.) It appears from the record that John D. Sherwin was one of the members of the Authority at the time of the passage of above Act, but that he died in July, 1932, and the Respondent, Maxwell Baxter, was appointed to fill out the unexpired term of Mr. Sherwin. Had Mr. Sherwin lived, he would have been entitled to continue in his office until January 1st, 1935, or until his successor was duly elected and qualified. Mr. Baxter succeeded, as a matter of law, to all the rights and privileges as to tenure of office that Mr. Sherwin would have enjoyed had he lived.

In February, 1935, the Governor appointed Mr. DeLoach as a member of the Authority. Whether he was named to succeed Mr. Baxter or some other member of the Authority does not appear from the record of his appointment. It is plain that in making the appointment the Governor acted on the theory that the terms of the members of the Authority

expired on January 1st, 1935. No doubt in the demands made upon his time by the multitudinous duties of his office he inadvertently overlooked the provisions of the law that the members not only held office until January 1st, 1935, but were privileged to continue in office until their successors were elected and qualified. The Act provided that in case of a vacancy in any membership of the Authority that the Governor was empowered to appoint a successor for the unexpired term of such member, otherwise it is clear that the members were to be elected by the qualified electors of the port district.

Therefore, as there was no vacancy to be filled in the office held by Mr. Baxter the appointment of Mr. DeLoach was ineffectual to oust him therefrom, and he had a right under the plain terms of Chapter 15107 to continue to hold his office until his successor was duly elected and qualified. It is settled law that an office is not vacant as long as it has an incumbent who has lawful right under constitutional or statutory authority to continue therein, either for a fixed term, or until the happening of a future event.

The record does not show that Mr. DeLoach had been elected as provided by law to succeed Mr. Baxter, and until that event transpired, Mr. Baxter was certainly entitled to hold over, and continue to exercise and enjoy all the rights and privileges of his office.

Therefore, it is the judgment of the writer that the motion to quash the writ of quo warranto and the information upon which it was issued should be, and the same is hereby granted, and sustained.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

BUFORD, J., concurs specially.

BUFORD, J. (concurring specially).—I think the majority

opinion and judgment is correct insofar as it adjudicates the issues as of the date of the pleadings filed, but the judgment should be without prejudice to the rights of any person which have accrued under the provisions of House Bill No. 915, Chapter 17509, Special Acts of 1935, approved May 18th, 1935.