PER CURIAM.
Supreme Court of Florida
Glenn Terrell, Chief Justice
Tallahassee
February 6, 1957
Honorable LeRoy Collins
Governor of Florida
Tallahassee, Florida
Dear Governor:
We have for consideration your communication of February 1, 1957, submitted pursuant to Section 13, Article IV of the Florida Constitution, F.S.A., requesting our advice regarding your ' executive powers and duties.
Omitting the formal portions, your letter reads as follows:
* * * The Fifth Judicial Circuit of Florida is composed of - the counties of Citrus, Hernando, Lake, Marion and Sumter. On July 31, 1955, John W. McCormick, resident of Mt. Dora, Lake County, Florida, was commissioned as Assistant State Attorney for said Circuit for a term expiring July 31, 1959. At the 1956 general election, G. G¡ Oldham, Jr., resident of Leesburg, Lake County, Florida, was elected State Attorney for said Circuit for a regular four-year term beginning January 8, 1957; and he has duly qualified and been commissioned for said term.
“Since the beginning of the term of said State Attorney, both he and the Assistant State Attorney have resided in Lake County, Florida, and 'both have indicated their determination to continue to do so.
“Section 27.20, Florida Statutes [F. S.A.], provides, among other things that
*514 “ 'In the circuits composed of two or more counties the state attorney and the assistant state attorney shall not reside in the same county * *’
“I recognize the very serious functions of said offices and the sound administration of the criminal laws in such circuit requires that no uncertainty exist concerning the eligibility of the incumbents to prosecute and otherwise perform the duties of said offices.
******
“In view of the above-quoted provisions of Section 27.20, Florida Statutes [F.S.A.], and the fact that said Assistant State Attorney continues to reside in Lake County, Florida, should I as Governor, consider the office of Assistant State Attorney for the Fifth Judicial Circuit vacant and proceed to fill such vacancy by appointment to conform to the above-quoted provisions of Section 27.20 ? * * * ”
 In order to supply a positive answer to your inquiry it has been necessary to supplement your letter with two additional facts. By reference to the records in the office of the Secretary of State, we find that on July 31, 1955, when John W. McCormick of Lake County was commissioned by you as Assistant State Attorney, the then State Attorney was A. P. Buie who resided in Marion County. By reference to the 1955 Journal of the State Senate, page 1,393, we find that your nomination of John W. McCormick as Assistant State Attorney was on June 1, 1955, approved and consented to by the Senate for a term ending July 31, 1959. The Journal entry shows him to he a resident of Mt. Dora.
When you nominated Mr. McCormick for the office of Assistant State Attorney he was eligible by residence to receive the commission. When the Senate acted favorably on your nomination, his right to hold the office for the full term for which he was nominated was thereby confirmed. Upon the taking of the required oath and the issuance of the commission, his right to the office for the full term was thereby established.
The factual situation summarized above reveals nothing which would lead us to the conclusion that the office has become vacant. There can be no vacancy in an office so long as it is occupied by one eligible and qualified to hold it under applicable constitutional or statutory provisions. , State ex rel. Landis v. Baxter, 122 Fla. 312, 165 So. 271.
The action of the people of the Circuit electing Mr. Oldham State Attorney, regardless of his residence, can have no bearing whatsoever on the right of Mr. McCormick to continue to occupy and hold the office to which he was duly appointed, confirmed and commissioned long prior to said election. His appointment and confirmation in the manner provided by law are as effective as if he had been elected by vote of the people.
In view of the foregoing, therefore you are advised that the continued residence of Mr. McCormick in Lake County, Florida, would not create a vacancy in the office of Assistant State Attorney for the Fifth Judicial Circuit. Consequently you have no power to fill a vacancy which does not exist.
Respectfully submitted,
GLENN TERRELL Chief Justice
T. FRANK HOBSON
B. K. ROBERTS
E. HARRIS DREW
CAMPBELL THORNAL
STEPHEN C. O’CONNELL Justices.