297 So.2d 59 (1974)
Raymond TOBLER, Appellant,
v.
E. Thomas BECKETT, Deceased, et al., Appellees.
Raymond TOBLER, Appellant,
v.
A.T. COOPER, III, et al., Appellees.
Nos. 73-310, 73-311.
District Court of Appeal of Florida, Second District.
June 26, 1974.
*60 Jack F. White, Jr., Clearwater, for appellant.
N.S. Gould, City Atty., City of Belleair Beach, Clearwater, for appellees.
BOARDMAN, Judge.
Appellant, Raymond Tobler, was granted a business permit to operate a massage parlor on his property in July, 1969. A renewal of this permit was granted in 1970. On reapplication in 1971, appellant was refused a permit on the ground that the property was situated in an area zoned for residential use only. The restrictions on use of this property originated as deed restrictions. As deed restrictions their validity was upheld in litigation in 1953.
The deed restrictions were subsequently incorporated into Municipal Zoning Ordinance No. 69 on November 13, 1969. In December, 1971, Ordinance No. 69 was repealed and superseded by Ordinance No. 89, which also prohibited commercial use of appellant's property.
Appellant continued to operate his business without a permit and an affidavit and arrest warrant were issued by the mayor of the City of Belleair Beach, E. Thomas Beckett, since deceased, charging him with a violation of Ordinance No. 89. No action was taken on this warrant. A second affidavit and arrest warrant were issued by the appellee, Mayor David B. Jodrey, the successor to the office of mayor. Appellant was served with this warrant and trial was set in municipal court.
In Case No. 73-310, appellant seeks injunctive relief to enjoin prosecution for this alleged violation of Ordinance No. 89, supra; mandatory injunction to issue the business permit and declaratory judgment that the said ordinance is invalid.
In Case No. 73-311, appellant seeks to attack the validity of the existence of the municipal court in which his alleged violation is to be prosecuted. The relief sought being an injunction to enjoin the exercise of the judicial power in the city and declaratory judgment that the city was without a municipal court or judicial power, or, in the alternative, the issuance of a rule nisi in quo warranto against the city to show cause why an order of ouster should not be entered preventing the city from exercising powers of a municipal court.
Both parties moved for a summary judgment in both cases. In both the trial judge granted the appellees' motion for said judgment. These timely appeals followed. The two cases were consolidated for appeal purposes.
The main thrust of appellant's action for an injunction (Case No. 73-310) is directed to the City Charter of Belleair Beach, Section 2.12, entitled "Ordinances in General." The material part of this section provides:
... Any ordinance which repeals or amends an existing ordinance or part of the city code shall set out in full the ordinance, sections or sub-sections to be repealed or amended, and shall indicate matter to be omitted by enclosing it in brackets or by strikeout type and shall indicate new matter by underscoring or by italics.
Appellant contends that the city, in order to comply with Section 2.12, supra, was required to set forth Ordinance No. 69, which consisted of 15 pages, in its entirety and in brackets in order to validly repeal *61 the ordinance and replace it with the new Ordinance No. 89. It is argued that inasmuch as this precise procedure was not followed by the city that Ordinance No. 89 is without validity and, therefore, appellant cannot be prosecuted for his violation.
We point out that Ordinance No. 69 was specifically repealed by reference in Ordinance No. 89. The appellant apparently overlooks the fact that if Ordinance No. 69 was not properly repealed it is still of full efficacy. We conclude, therefore, that neither ordinance gives any legal support to the appellant's right to conduct business in that location.
We cannot find any valid reason why the circuit court ought to take jurisdiction of this case and prohibit the regular course of prosecution when any defect found to exist in the charging warrant or information could be cured by amendment, if necessary.[1] Accordingly, we find no error in the circuit court's decision in Case No. 73-310.
In the companion case, 73-311, appellant questions the validity of the Mayor's Court and seeks to enjoin Jodrey and another respondent, McMullen, from acting as municipal judge. In our view, appellant lacks standing to challenge the right of the office of municipal judge using the extraordinary remedy of quo warranto. Ordinarily, quo warranto is the proper remedy to determine the right of an individual to hold public office.[2] It may be instituted only by the Attorney General of Florida, or by a person claiming title to the office.[3] Here appellant seeks to oust the municipal judge; is not claiming entitlement to the office and did not request the attorney general to file the action in his behalf.
Whether an individual in the position of the appellant herein has any remedy available to him depends on the specific facts of the case. Generally, a party cannot attack the title or authority of one acting under color of right as the duly elected or appointed regular judge of the court. State v. Ness, 1954, 75 S.D. 373, 65 N.W.2d 923; see, also, Commonwealth ex rel. Breckinridge v. Winstead, Ky. 1968, 430 S.W.2d 647. In this state it is clear that no attack can be made on a judge who is at least de facto in litigation pending before that judge. Gleason v. Florida, 12 Fla. 190 (1868), writ of error dismissed, 76 U.S. 779, 9 Wall 779, 19 L.Ed. 730 (1869). In order for an individual to qualify as a de facto officer or judge there must be a de jure office. 99 A.L.R. 294; State ex rel. Edwards v. Tippett, 101 Fla. 1117, 134 So. 52 (1931). If the judge in the instant case is not a de facto judge then the remedy available to the appellant is the writ of prohibition. 92 A.L.R.2d 306; 63 Am.Jur.2d, Prohibition, § 6, § 15, Cf. Rath v. LaFon, Okl. 1967, 431 P.2d 312. In short, appellant has misconceived the remedies available to him, if indeed he has any in the present posture of the case.
We feel constrained to note that Section 168.02, Florida Statutes, F.S.A., the only authority under which this municipal court could have existed, has been repealed by Chapter 73-129, Laws of Florida, effective October 1, 1973, since the filing of this appeal. Accordingly, the question raised in Case No. 73-311 should now be moot. In the event the municipal court is still in existence and prosecution of appellant is pursued by the city in that court, appellant would be entitled to pursue relief by way of a writ of prohibition and we do not attempt to decide here the merits of such action if instituted.
Finally, the appellant's attempt to such relief by the vehicle of declaratory judgment is without merit, for the granting of *62 such relief would be, in effect, to allow indirectly, by collateral attack, what cannot be accomplished directly.
For the reasons above stated we
Affirm.
McNULTY, Acting C.J., concurs.
GRIMES, J., concurs specially.
GRIMES, Judge (specially concurring).
With respect to Case No. 73-310, I concur in Judge Boardman's opinion that appellant was subject to prosecution for operating a massage parlor in violation of city ordinance. I believe that Case No. 73-311 is entirely moot because Chapter 73-129 has repealed the statutory authority under which the city was attempting to operate its court.
NOTES
[1] See Rule 3.140(o), CrPR, 33 F.S.A.; Tillman v. State, 58 Fla. 113, 50 So. 675 (1909).
[2] See 27 Fla.Jur., Quo Warranto, § 17, and cases cited therein.
[3] See Rule 4.5, subd. e(2), F.A.R., 32 F.S.A. Also Chapter 80, Florida Statutes, F.S.A.