QUESTION: Is a vacancy created in the office of a supervisor of the Englewood Water District when such supervisor involuntarily loses his status as a freeholder by reason of the taking of his property through eminent domain proceedings?
SUMMARY: A vacancy is created in the office of a supervisor of the Englewood Water District when such supervisor ceases to be a freeholder in the district, even though the loss of freeholder status results from an involuntary taking of his property through eminent domain proceedings. However, such a supervisor would at least retain the status of a de facto officer and would continue in such status until his successor was duly appointed or elected and had qualified and taken office. Chapter 59-931, Laws of Florida, which created the Englewood Water District, provides inter alia in s. 3(A) that: Supervisors shall be qualified electors who are freeholders residing in the district, and the office of any supervisor who shall cease to be a qualified elector and freeholder in the district during his term of office shall become vacant. The above-quoted language is clear — upon termination of a supervisor's freeholder status his office becomes vacant by operation of law. This is so irrespective of whether the termination of the freeholder status is brought about by voluntary or involuntary circumstances. It should be noted that, although freeholder status as a qualification for public office has been invalidated with respect to some local public offices, such does not appear to be the case with respect to special purpose districts. In Turner v. Fouche, 395 U.S. 621 (1969), the United States Supreme Court left the door open by specifically stating that they were not excluding the possibility that under some circumstances "a property qualification for officeholding could survive constitutional scrutiny." Also compare Lake Howell Water and Reclamation Dist. v. State, 268 So.2d 897 (Fla. 1972); Salyer Land Company v. Tulare Water District, 35 L.Ed.2d 659 (1973); Associated Enterprises v. Toltec District, 35 L.Ed.2d 675 (1973). Accordingly, unless and until the validity of the freeholder requirement for supervisors should be ruled upon by a court in appropriate proceedings the requirement must be presumed valid and given effect. See Evans v. Hillsborough County, 186 So. 193, 196
(Fla. 1938). Section 3(A) of Ch. 59-931, supra, also provides that if the office of a supervisor becomes vacant for any reason . . . the remaining members of the board may, by a majority vote of all members then in office, appoint a successor to such supervisor to serve until the next annual election, at which annual election the qualified electors of the district shall elect a supervisor to serve for the remaining unexpired term, if any, of such supervisor whose office became vacant as aforesaid. Pursuant to the foregoing, if the supervisor about whom you inquire is still not a freeholder in the district, it would appear appropriate for the remaining members of the board to proceed to fill the vacancy by appointment of a qualified person to serve until the next annual election (November 1974). In view of the fact that the supervisor in question has apparently continued to serve as a member of the board since the loss of his status as a freeholder, it appears appropriate to comment on his status while so doing. Under s. 3(A) of Ch. 59-931, supra, a supervisor holds office "for the term for which he is elected or until his successor has been elected and qualified." Accordingly, until such time as there is a successor to his office an incumbent who becomes disqualified is, as noted in AGO 073-193, . . . at least a de facto officer and the title to his office or the authority to act as a de facto officer cannot be collaterally attacked or inquired into by third parties. Treasure, Inc., v. State Beverage Department, 238 So.2d 580, 585-586 (1971); State v. Murphy, 32 Fla. 138, 13 So. 705, 716 (1893). And as also noted in AGO 073-193, where an incumbent occupies and claims title to an office, and possesses color of title to the office by virtue of his election to same, . . . the public is entitled to treat him as an officer, and his acts in the office should not be subject to collateral attack. State v. Murphy, 18 So. 705, 716 (Fla. 1893); State v. Tippett, 134 So. 52 (Fla. 1931); State v. Baxter,165 So. 271 (Fla. 1936), and State v. Wiseheart, supra, 592-593 [28 So.2d 589]. Pursuant to the foregoing authorities, it would appear that the supervisor in question has at least held the status of a de facto officer since his loss of freeholder status and, therefore, his participation, if any, in the official actions of the board would not have the effect of invalidating any such action of the board.