QUESTION: May the process of the municipal court of the City of Delray Beach continue to be served countywide?
SUMMARY: According to the legislative intent expressed in Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, which repeals s. 168.03, F.S. 1971, and pending further legislative or judicial clarification, the process of municipal courts can continue to be served anywhere within the county in which such court is situate. In AGO 074-274 it was concluded that, according to the legislative intent expressed in Ch. 73-129, Laws of Florida, the Municipal Home Rule Powers Act, which repeals s. 168.03, F.S. 1971, and until legislatively or judicially clarified to the contrary, the process of a municipal court can continue to be served anywhere within the county in which such court is situate. In this regard, see Art. VII of Ch. 25786, 1949, Laws of Florida, as subsequently amended, the Charter of the City of Delray Beach, which provides for the establishment and authority of the municipal court of the City of Delray Beach. See also Art. V, s. 20(d)(4), State Const., pursuant to which such municipal court is continued in existence until 1977, unless abolished in accordance with the procedure therein prescribed. Since the issuance of that opinion, I have become aware of a recent appellate court decision in which the view is expressed that a mayor's court created pursuant to s. 168.02, F.S. 1971, may no longer exist following the repeal of that section by Ch. 73-129, Laws of Florida. Tobler v. Beckett, 297 So.2d 59, 61 (2 D.C.A. Fla., 1974). This was so, according to the decision, because s. 168.02 was the only authority under which the court could have existed. Likewise, in the instant situation, s. 168.03, F.S. 1971, repealed by Ch. 73-129, Laws of Florida, was the only authority pursuant to which the process of the municipal court of the City of Delray Beach could have been served countywide. The charter of the City of Delray Beach contains no such authority; nor can such authority be conferred by municipal ordinance. See Art. VIII, s. 2(c), State Const., which provides that "[m]unicipal annexation of unincorporated territory, merger of municipalities, and exercise of extra-territorial powers by municipalities shall be as provided by general or special law." (Emphasis supplied.) Accord: Attorney General Opinion 074-274. However, the appellate court in Tobler v. Beckett, supra, did not mention the expression of legislative intent which was contained in Ch. 73-129 and upon which this office relied in rendering AGO 074-274. That expression, now contained in s. 166.042, F.S., provides that the repeal by Ch. 73-129 of the chapters of the Florida Statutes enumerated therein, including Ch. 168, F.S. 1971, . . . shall not be interpreted to limit or restrict the powers of municipal officials . . . [and] that municipalities shall continue to exercise all powers heretofore conferred on municipalities by the chapters enumerated above, but shall hereafter exercise those powers at their own discretion, subject only to the terms and conditions which they choose to prescribe. Moreover, the comments of the appellate court in Tobler v. Beckett, supra, concerning the repeal of s. 168.02, F.S. 1971, by Ch. 73-129, are clearly dictum. Thus, although the matter is certainly in need of further legislative or judicial clarification, I continue to be of the opinion that, pending such further clarification, the process of the municipal court of the City of Delray Beach may continue to be served countywide pursuant to s. 168.03, F.S. 1971, preserved in effect by s. 166.042. Cf. AGO's 074-319 and 075-63.