Mr. Thomas O. Smith President Crestview City Council Post Office Drawer 1207 Crestview, Florida 32536
Dear Mr. Smith:
This is in response to your request for an opinion an several legal questions involving the procedures for the appointment of commissioners for the Crestview Housing Authority. First, you wish to know if the mayor makes an appointment to the housing authority commission and the city council takes no action on approving or tables the appointment, would the present commissioner/officeholder be subject to dismissal from the Board or would such officeholder serve until the replacement is selected? Related to this question you wish to know whether the city council would be permitted to select the temporary, replacement if a vacancy on the Commission is created. Second, you wish to know if the city council, in case of `a continuous tabling or non-acting of the council,' is empowered to request or require the mayor to present more than one appointment from which to select? Because your questions are interrelated they will be answered together.
Section 421.05, F.S., sets forth the procedures to be followed for the appointment of members of the commission of the housing authority. Subsection (1), in pertinent part, provides that `[w]hen the governing body of a city adopts a resolution [declaring a need for a housing authority to function in the city], the mayor, with the approval of the governing body, shall promptly appoint no fewer than five persons as commissioners of the authority created for said city.' The subsection goes on to provide that `[t]hree of the commissioners who are first appointed shall be designated to serve for terms of 1, 2, and 3 years respectively; the remaining commissioners shall be designated to serve for terms of 4 years each, from the date of their appointment.' Thereafter, commissioners shall be appointed as aforesaid for a term of four years, except that a vacancy shall be filled for the unexpired term by an appointment by the mayor with the approval of the governing body within 60 days after such vacancy occurs. This statute expressly provides that a commissioner is to hold over until a successor has qualified for and taken office. `A commissioner shall hold office until his successor has been appointed and has qualified.' Cf., s 5(b), Art. II, State Const. This hold-over provision allows continuity of officeholding and insures that there is no disruption of the governmental functions provided by the office in question. As it is stated at 9 Fla. Jur.2d Civil Servants and Other PublicOfficers and Employees s 60 (1979), `[d]uring the period in which he holds over after the expiration of his term, under the authority entitling him to do so until the qualification of a successor, there is no vacancy in office which may be filled by an interim appointment.' See also, State ex rel. Landis v. Baxter,165 So. 271 (Fla. 1936); State ex rel. Landis v. Bird, 163 So. 248
(Fla. 1935). Thus, the answer to your first question is mandated by the provisions of s 421.05(1), F.S., which requires the commissioners of the housing authority to hold office until their successors have been appointed and have qualified for such office. Should there be no action taken by the city council on an appointment made by the mayor, the present member would continue to hold office until his successor has been appointed and duly qualified. This answer eliminates the need to respond to the second part of your first question since if the present commissioner/officeholder holds over there is no vacancy in office for the city council to select a temporary or interim replacement. Furthermore, the city council is not vested with any authority by the statute to appoint or `select' any replacement or to fill any vacancy on the housing authority commission, temporary or otherwise. Where a statute directs how a thing shall be done, it in effect prohibits it being done any other way. In re Advisory Opinion Of the Governor Civil Rights, 306 So.2d 520 (Fla. 1975); Alsop v. Pierce, 19 So.2d 799 (Fla. 1944); Weinberger v. Board of Public Instruction, 112 So. 253 (Fla. 1927).
Your second question concerning whether the city council could require the mayor to appoint several persons for one position on the commission is answered in the negative. The general rule applicable to this situation is that delegated authority to appoint officers must be exercised strictly within the terms, limitations, and intendment of the statute conferring the authority. See, 62 C.J.S. Municipal Corporations s 473 (1949), where it stated that `[t]here must be a compliance with statutory and charter requirements as to the manner of election or appointment of municipal officers by a particular officer or board.' Also, that authority states: `The power to appoint municipal officers may be exercised only by that board or officer in whom the power resides, or to whom the power has been delegated.' Id. And see, State ex rel. Landis v. Bird, 163 So. 248
at 260 (Fla. 1935): `The selection of officers to exercise delegated governmental power is a sovereign function, which if not performed by the electorate, may, by express provisions of law, be conferred upon officials or tribunals. . . . When such delegated authority is conferred, it should be exercised strictly within the terms, limitations, and intendments of the delegating language used as judicially interpreted.' The statute in question, s421.05, F.S., provides that `the mayor, with the approval of the governing body' of the city shall appoint the commissioners of the housing authority. The statute confers no authority on the city council to require the mayor to give them a choice of appointment and to so construe the statute would, in effect, usurp *3241 or restrict the mayor's appointment power delegated to him by the State Legislature. Therefore, in the absence of a judicial interpretation to the contrary, I am of the view that the city council has no authority to require the mayor to give the council a choice of appointments from which to select the commissioners that they wish to approve.
In summary, it is my opinion that in the event the City Council of the City of Crestview tables or takes no action on the appointment of a commissioner made by the mayor for the Crestview Housing Authority, the present commissioner/officeholder would continue to hold office until his successor has been appointed and has duly qualified as provided by s 421.05, F.S. Further, the city council has no authority to require the mayor to present more than one appointment from which the city council may select.
Sincerely,
Jim Smith, Attorney General
Prepared by: Craig Willis, Assistant Attorney General