46 So.2d 453 (1950)
SINCLAIR
v.
STATE.
Supreme Court of Florida, Division B.
April 4, 1950.
Rehearing Denied May 10, 1950.
Harry Newett, Edgar C. Thompson and L.R. Baker, West Palm Beach, for appellant.
Richard W. Ervin, Attorney General, Phillip Goldman and Murray Sams, Jr., Assistant Attorneys General, for appellee.
CHAPMAN, Justice.
The appellant, Harold E. Sinclair, was informed against on November 30, 1948, in the Criminal Court of Record of Palm Beach County, Florida, for the crime of forgery. He was duly arraigned and placed upon trial before a jury, which considered the testimony and returned a verdict of guilty. The trial court sentenced the appellant to serve for the offense a period of two years at hard labor in the State Prison. An appeal has been perfected here.
The information was drafted under the provisions of Section 831.01, F.S.A., and pertinent portions thereof are viz.:
*454 "W.E. Roebuck, County Solicitor for the County of Palm Beach, prosecuting for the State of Florida in the said County, under oath information makes that Harold E. Sinclair of the County of Palm Beach and State of Florida, on the 1st day of October in the year of our Lord, one thousand nine hundred and forty-Eight in the County and State aforesaid, did unlawfully, feloniously, and falsely, make, forge and counterfeit a certain writing on paper, to-wit: a certain bank check or order for money, the tenor whereof is as follows:

 "` Kahn's No. 14680
 Pahokee, Florida
 Pay to the order of H.E. Sinclair $700.00
 Kahn's ** 700 DOL'S 00 CTS Dollars
 Bank of Pahokee Kahn's
 Pahokee, Florida Joseph Kahn

"That is to say that on said date the said Harold E. Sinclair did unlawfully and feloniously alter and change said check from One Hundred Dollars to Seven Hundred Dollars after the genuine signature of Joseph Kahn had been secured to said check, contrary to the form of the Statute in such case made and provided, against the peace and dignity of the State of Florida".
It appears by the record that the appellant did not file a motion to quash the information or point out any of its alleged irregularities or defects prior to arraignment but entered a plea of not guilty and proceeded to trial by obtaining a jury, and through counsel examined or cross-examined the State's witnesses adduced by the prosecution; and, during the progress of the trial, objected to the introduction of the alleged forged instruments into evidence. For the first time, after the jury's verdict, and in a motion for a new trial counsel contends that the information was fatally defective in that it failed or omitted to allege that the appellant committed forgery "with the intent to defraud", which is an essential element under Section 831.01, supra.
An explanation for the delay on the part of counsel for the appellant in not pointing out the alleged defects in the information until after the jury's verdict is not clearly shown. The law frowns upon the policy of remaining silent as to fatally defective informations until after the verdict and then for the first time assert these alleged rights in a motion for a new trial. It was counsel's duty under the law to bring to the attention of the trial court the alleged defective information prior to pleading thereto. Section 909.06, F.S.A., makes it the duty of a defendant to file his motion to quash the information prior to pleading thereto and if he fails to file the motion to quash prior to pleading to the information, "he shall be taken to have waived all objections which are grounds for a motion to quash." See West v. State, 149 Fla. 436, 6 So.2d 7, and Fuller v. State, 159 Fla. 200, 31 So.2d 259.
Counsel cites many of our decisions prior to the adoption of our Criminal Code, as well as authorities from other jurisdictions, to sustain the contention that the verdict of the jury failed to cure the defect in the information as it was a matter of substance and the trial court was without jurisdiction because of the defective pleading. This contention is answered by Wharton's Criminal Law, Vol. (12th ed.) 380-381, par. 292, viz.: "Section 292. Sufficiency of Indictment as Affecting Jurisdiction.  The jurisdiction of the court does not depend upon the sufficiency of the pleading in the case, the indictment, or information. If the law confers power to consider and render judgment, and the court has jurisdiction over the subject-matter and over the person of the accused, nothing further is required. Jurisdiction of the court over the particular matter does not mean simply jurisdiction of the particular case before the court, but jurisdiction over the class of cases to which the case at bar belongs. And where the court has jurisdiction over subject-matter and over the person of the accused, the decision of all other questions by the court is merely the exercise of that jurisdiction".
It appears by the record that the State of Florida during the progress of the trial adduced into evidence, over objections seasonably made by his counsel, two checks payable to the appellant Sinclair and dated September 30, 1948, and in the sum of $100.00 each. It was the theory of the prosecution *455 that the appellant raised the amount of each of the checks from the sum of $100.00 to the sum of $400.00 and $700.00, respectively. There is in the record sufficient evidence, if believed by the jury, to sustain the theory. The information was filed on November 30, 1948, and the checks, it is contended, were each raised by the defendant-appellant within the two year statutory period prior to the filing of the information. The objections of counsel went to the point that the two checks were prejudicial in that they tended to show that the defendant-appellant had committed another crime, wholly independent of that for which he was then on trial. Authorities are cited in support of the contention.
In the case of Coston v. State, 139 Fla. 250, 190 So. 520, the defendant was on trial under an indictment charging murder in the first degree. The prosecution, over objections of counsel, adduced testimony to the affect that the appellant had committed various crimes in the County of Orange separate and wholly independent from the crime of murder then being prosecuted. We held that the testimony was prejudicial and clearly erroneous and reversed the judgment of conviction and awarded a new trial. The principle of law enunciated in the Coston case is not only well established law in Florida but is in line with courts of other jurisdictions, but well established exceptions exist as to the rule as shown by the decisions of this Court in forgery cases. See Langford v. State, 33 Fla. 233, 14 So. 815; Wooldridge v. State, 49 Fla. 137, 38 So. 3, and Pittman v. State, 51 Fla. 94, 41 So. 385, 8 L.R.A., N.S., 509.
We have examined the instructions appearing in the record as given to the jury by the trial court in light of the contentions of counsel. It is our view that the appellant cannot be heard to say on this appeal that the information under which he was convicted in the court below is fatally defective. He filed a plea of not guilty to the information and went to trial on the merits. Section 909.06, F.S.A., requires all motions to quash informations be presented to the trial court and obtain a ruling thereon prior to filing his plea. If for any reason he fails to present the motion to quash prior to pleading, then "he shall be taken to have waived all objections which are grounds for a motion to quash."
We fail to find error in the record.
Affirmed.
ADAMS, C.J., and SEBRING and HOBSON, JJ., concur.