354 So.2d 1277 (1978)
Robert E. WATERS, Appellant,
v.
STATE of Florida, Appellee.
No. 77-1000.
District Court of Appeal of Florida, Second District.
February 17, 1978.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and William I. Munsey, Jr., Asst. Atty. Gen., Tampa, for appellee.
SCHEB, Judge.
Appellant contends the information under which he was convicted and placed on probation was insufficient to vest subject-matter jurisdiction in the circuit court, and, therefore, that court's subsequent order revoking his probation was a nullity. We agree.
In February 1976 appellant was charged with receiving stolen property in violation of Section 812.031, Florida Statutes (1975).[1] The information alleged that the stolen property was stereo equipment, but did not state the value of the equipment.
In April 1976 appellant pled guilty in circuit court to the charge. At that time *1278 the state outlined a factual basis as required under Fla.R.Crim.P. 3.170(j); however, no mention was made of the value of the property involved, and no evidence of the value was before the court. The trial court withheld adjudication and placed appellant on probation for two years.
In March 1977 appellant's probation supervisor filed an affidavit charging him with violating his probation. After a hearing, the court found appellant guilty of the violation. Appellant's probation was extended to four years and a special condition was added. This appeal ensued with appellant contending the trial court was without subject-matter jurisdiction from the outset.
The threshold issue is whether appellant can raise the question of subject-matter jurisdiction on this appeal. The state contends that appellant waived any objection to the information by not appealing the original order placing him on probation. We disagree. Appellant's contention goes to whether the trial court had jurisdiction over the offense charged. Since lack of subject-matter jurisdiction is fundamental error, it can be raised at any time. Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977).
The information by which appellant was charged failed to allege that the property stolen was worth $100 or more; therefore, the crime charged was only a misdemeanor under Section 812.031(3). Since the circuit court does not have jurisdiction when only a misdemeanor is charged, the trial court did not have jurisdiction in this case. Article V, Section 5(b), Florida Constitution; Section 26.012, Florida Statutes (1975). Therefore, any order entered by the circuit court was void. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972).
We note that this case is distinguishable from Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974). In Caves the defendant, for the first time, challenged the sufficiency of the information to charge the crime of auto theft after the state had presented its case. The defendant contended that even though the information tracked the language of the statutory crime of auto theft, it was deficient because it did not contain the essential common-law element that the taking was with the intent to permanently deprive the owner of his property. We held that the defendant's attack came too late, as the state had proved the necessary intent during the presentation of its case and the jury was properly instructed that such intent was an essential element of the crime.
Unlike Caves, the information in this case failed to allege the necessary statutory element (that the value of goods stolen was $100 or more) required to vest felony jurisdiction in the circuit court. Additionally, in the instant case there was no recitation of value in the factual basis outlined before the court, nor was there any other evidence before the court to supply the omitted allegation on this issue.
Since appellant was charged only with a misdemeanor, the circuit court had no jurisdiction to proceed and its order placing appellant on probation was void. It follows, therefore, that the order modifying his probation was also a nullity. Petters v. State, 350 So.2d 558 (Fla. 2d DCA 1977); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977).
Accordingly, the order placing appellant on probation and the order modifying that probation are hereby vacated.
GRIMES, A.C.J., and OTT, J., concur.
NOTES
[1] § 812.031, Fla. Stat. (1975):

(1) Whoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
(2) If the property received is:
(a) Of the value of $100 or more;
.....
the offender shall be deemed guilty of a felony of the third degree, punishable as provided in s. 775.084.
(3) If the property received is not described in subsection (2), the offender shall be deemed guilty of a misdemeanor of the second degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084.
.....