360 So.2d 1303 (1978)
Charles Lee RADFORD, Appellant,
v.
STATE of Florida, Appellee.
No. 78-241.
District Court of Appeal of Florida, Second District.
July 26, 1978.
Jack O. Johnson, Public Defender, Bartown, and Douglas A. Wallace, Asst. Public Defender, Bradenton, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Appellant Charles Lee Radford filed this appeal from his conviction and sentence for the felony offense of battery of a law enforcement officer under Section 784.07(2), Florida Statutes (1977). He contends that the information filed against him charged only simple battery, a misdemeanor under Section 784.03, Florida Statutes, and, therefore, the circuit court did not have jurisdiction over the offense, and the judgment of conviction of a felony and eighteen-month sentence are void. We agree and reverse.
The information in pertinent part charged appellant with "BATTERY ON POLICE OFFICER" in that he "did unlawfully commit battery upon THOMAS BOYSEN, a Deputy Sheriff of Charlotte County, while acting in the capacity of his official duties, by actually and intentionally touching or striking said person against said person's will, in violation of Florida Statute 784.03." The felony battery statute is 784.07(2) which provides in pertinent part as follows: "Whenever any person is charged with knowingly committing ... battery upon a law enforcement officer . . while the officer ... is engaged in the lawful performance of his duties, the offense for which the person is charged shall be ... a felony of the third degree." (Emphasis supplied). The misdemeanor battery statute is 784.03. In pertinent part 784.03 reads as follows: "(1) A person commits battery if he: (a) Actually and intentionally touches or strikes another *1304 person against the will of the other; or (b) Intentionally causes bodily harm to an individual. (2) Whoever commits battery shall be guilty of a misdemeanor of the first degree... ."
It is quite clear that the language of the information under which appellant was charged does not track the statutory language of Section 784.07(2). An information must allege each of the essential elements of a crime to be valid; no essential element should be left to inference. State v. Dye, 346 So.2d 538 (Fla. 1977). In addition the information concludes with the usual reference to the pertinent statutory section which in this case alleges "in violation of Florida Statute 784.03," which is the misdemeanor statute.
Since the information charged a misdemeanor and not a felony, the circuit court did not acquire jurisdiction over the subject matter, and the judgment and sentence against appellant are void. Although the defect was not raised in the trial court, being jurisdictional it cannot be cured by waiver or consent. Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), cert. discharged, 283 So.2d 99 (Fla. 1973).
Accordingly, the judgment and sentence herein are vacated and the cause is reversed and remanded for further proceedings consistent with this opinion.
HOBSON, Acting C.J., BOARDMAN and OTT, JJ., concur.