368 So.2d 86 (1979)
Ricky Allen ENGLUND, Appellant,
v.
STATE of Florida, Appellee.
No. 78-1433.
District Court of Appeal of Florida, Second District.
March 2, 1979.
Ronald C. Hogue, Naples, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Robert J. Landry, Asst. Atty. Gen., Tampa, for appellee.
PER CURIAM.
Ricky Allen Englund appeals his conviction for battery of a law enforcement officer. We hold that the circuit court lacked jurisdiction over the offense because the information charged only simple battery, a misdemeanor offense.
On November 10, 1977, Englund participated in a brawl at a bowling alley in Naples. He was arrested and taken to the Collier County Sheriff's Department for booking. He was then taken to the hospital by sheriff's deputies. After Englund was treated, Deputy Schultz, who was at the hospital on other business, assisted other officers in placing Englund in a patrol car for transportation back to the sheriff's office. At this point Englund allegedly struck Deputy Schultz. It was this incident which gave rise to the charge against him.
Prior to trial the appellant unsuccessfully moved to dismiss the charges because the information was insufficient. The information stated that on the 10th day of November, 1977 the appellant:

*87 Did unlawfully commit a battery upon DEPUTY JAMES SCHULTZ, a law enforcement officer, while the said JAMES SCHULTZ was engaged in the lawful performance of his duties, by striking the said person against his will and in violation of Florida Statute 784.07. (emphasis supplied)
This language tracked Section 784.07(2), Florida Statutes, except that it substituted the word "unlawfully" for the word "knowingly." Because of this defect the information failed to allege knowledge, an essential element of the crime of battery of a law enforcement officer. The information did sufficiently charge the misdemeanor offense of battery, but fell short of alleging the felony offense of battery on a law enforcement officer. Therefore, the circuit court did not acquire jurisdiction over the subject matter, and the judgment and sentence against appellant are void. See Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978); Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978).
The judgment and sentence are vacated and the cause reversed and remanded for further proceedings consistent with this opinion.
GRIMES, C.J., and HOBSON and SCHEB, JJ., concur.