369 So.2d 620 (1979)
James Earl SHANKLIN, Appellant,
v.
STATE of Florida, Appellee.
No. 78-654.
District Court of Appeal of Florida, Second District.
March 9, 1979.
As Modified on Denial of Rehearing April 11, 1979.
Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and Eula Tuttle Mason, Asst. Atty. Gen., Tampa, for appellee.
*621 GRIMES, Chief Judge.
This is an appeal from a revocation of probation and subsequent sentence to five years imprisonment.
The appellant was originally charged with battery of a law enforcement officer contrary to Section 784.07, Florida Statutes (1976 Supp.). The information stated that appellant "did unlawfully and intentionally touch or strike a law enforcement officer... ." Appellant pled guilty and was placed on probation. He was later charged with probation violation for filing his monthly reports late, for failing to make payments for the costs of supervision, and for committing the offenses of battery, resisting arrest and battery of a police officer.
At the revocation hearing, the appellant's supervisor testified that appellant had filed his reports late for several months and that he was $40 in arrears on the costs of supervision. The supervisor acknowledged that appellant had told him that he was unable to work because of an injury and that he could not find a job. Appellant admitted both of these violations but explained that he could only work part time because of two previous stomach operations. He added that he made payments for costs of supervision when he could afford them. No evidence was presented concerning the criminal violations. The court revoked appellant's probation on all these grounds and sentenced him to the maximum penalty of five years in the state prison.
Appellant first attacks his conviction on the basis that the court originally lacked subject matter jurisdiction to place appellant on probation. Appellant argues that because the information failed to allege that he "knowingly" struck a law enforcement officer he was never charged with a felony which would give the circuit court jurisdiction. The state points out that appellant failed to make this objection at the time he was originally placed on probation and that he is raising it for the first time on this appeal from the revocation order.
In Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978), the information charging "battery on [a] police officer" was worded practically the same as the information in the instant case, though the Radford information referred to the misdemeanor statute proscribing battery. Our court held that because the information contained no allegation that the defendant had "knowingly" struck an officer, it alleged no more than the misdemeanor of simple battery. Hence, the circuit court had no subject matter jurisdiction, and the judgment was void. Even though the defect was not raised in the trial court, it was deemed jurisdictional and not subject to cure by waiver or consent. Accord Englund v. State, 368 So.2d 86 (Fla. 2d DCA 1979).
In Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972), the defendant pled guilty to a charge of possession of marijuana as condemned by Chapter 404, Florida Statutes (1971). The information was deemed insufficient to charge a felony because it failed to allege either that the defendant had previously been convicted or that the amount of marijuana exceeded five grams. The court pointed out that the information charged no more than a misdemeanor and held that the defect was jurisdictional.
We reached the same result in Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978), even though the defect was not raised until an appeal from a probation revocation. The defendant had been purportedly charged with the felony of receiving stolen property, but there was no allegation of the value of the stolen property so as to differentiate the charge from a misdemeanor. Following a guilty plea, the defendant was placed on probation. Because the judgment was declared void, it was held to be subject to collateral attack. In the course of our opinion, we took heed to note that when the defendant pled guilty "there was no recitation of value in the factual basis outlined before the court, nor was there any other evidence before the court to supply the omitted allegation on this issue." 354 So.2d at 1278.
How do these cases square with the unbroken line of authority in Florida to the effect that when an information does not *622 wholly fail to state a crime, any defect therein is waived if an objection is not timely made? Tracey v. State, 130 So.2d 605 (Fla. 1961); Sinclair v. State, 46 So.2d 453 (Fla. 1950); Caves v. State, 302 So.2d 171 (Fla. 2d DCA 1974). The answer may lie in the premise that when a misdemeanor is clearly alleged, it is easier to conclude that the information wholly fails to state a felony.
In the case at hand, the information contained a specific reference to the felony statute of battery of a law enforcement officer. The appellant pled guilty pursuant to a plea bargain. The factual basis for the plea clearly reflects that the appellant knew that it was a police officer whom he struck. Even though there is no possibility that the appellant could have been misled by the defect in the information, do the precedents cited above require reversal? We think not.
In Lowman v. State, 303 So.2d 667 (Fla. 4th DCA 1974), the defendant was charged with assault with intent to commit rape and was later permitted to enter a plea of nolo contendere to the "lesser included offense of false imprisonment." He was put on probation but he violated his probation. On appeal from the order revoking his probation, the defendant asserted that the court did not, have jurisdiction to accept the nolo plea because false imprisonment was not a lesser included offense of assault with intent to commit rape. Our sister court agreed that false imprisonment was not a lesser included offense but held that, nonetheless, the court's failure to require an amendment of the information did not deprive it of jurisdiction in the case.
The defendant in Burns v. State, 300 So.2d 317 (Fla. 2d DCA 1974), was charged, under Section 811.11, Florida Statutes (1971), with larceny of a calf. He later pled guilty to grand larceny. On appeal he contended that he could not be adjudicated guilty of a crime with which he was not charged. This court declined to treat the adjudication as void and held that the proceedings, conducted in open court and duly recorded, constituted a mutually agreeable amendment of the accusatory writ. Accord, Andrews v. State, 343 So.2d 844 (Fla. 1st DCA 1976).
On the same rationale, we hold that appellant's plea of guilty to the crime of battery of a law enforcement officer, after the state had properly laid a factual basis, constituted a tacit amendment of the information to properly charge that offense. Once the information is deemed to have been amended, jurisdiction is no longer a problem, and the judgment cannot be collaterally attacked. The same result could not have occurred in Radford and in Englund, because there were no guilty pleas. Waters and Pope did involve guilty pleas, but in neither case did the record reflect a factual basis for the felony charge. Thus, it could not be said for certain that the defendants in those cases had not been misled by the defective informations.
We do, however, find it necessary to vacate two of the three grounds for the probation revocation. Because there was no evidence concerning the alleged crimes, appellant's failure to remain at liberty without violating the law was not proven. Likewise, the appellant made an unrebutted showing of his inability to pay the supervision costs, precluding a revocation upon this basis. Coxon v. State, 365 So.2d 1067 (Fla. 2d DCA 1979). Appellant's failure to timely file reports was proven, but in view of the fact that the other two grounds for revocation must be set aside, we deem it advisable to remand the case in order that the court may have the opportunity to decide whether revocation is indicated solely upon this ground. See Tuff v. State, 338 So.2d 1335 (Fla. 2d DCA 1976).
REVERSED and REMANDED.
HOBSON and SCHEB, JJ., concur.