375 So.2d 1093 (1979)
Deborah WESLEY, Appellant,
v.
The STATE of Florida, Appellee.
No. 78-1772.
District Court of Appeal of Florida, Third District.
November 6, 1979.
Rehearing Denied December 13, 1979.
Bennett H. Brummer, Public Defender and Rory S. Stein, Asst. Public Defender, for appellant.
Jim Smith, Atty. Gen. and Anthony C. Musto, Asst. Atty. Gen., for appellee.
Before HENDRY and NESBITT, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
*1094 NESBITT, Judge.
Appellant, Deborah Wesley, was charged by information in the Circuit Court of the Sixteenth Judicial Circuit with two counts of assault upon a law enforcement officer. The material allegation of the information herein charges that:
Deborah Wesley ... did then and there unlawfully commit battery upon PTL. GEORGE CABANAS, of the Key West Police Department, while said officer was in the lawful performance of his duties, to-wit: making the arrest of said DEBORAH WESLEY, by hitting said PTL. GEORGE CABANAS in the face, in violation of F.S. 784.03 and 784.07.
The remaining count names a different officer upon whom the battery had allegedly been committed but is otherwise essentially the same.
It is important to observe that each count alleges that the appellant unlawfully rather than knowingly committed the battery. Consequently, the accusatory pleading as written constitutes a misdemeanor pursuant to Section 784.03, Florida Statutes (1977) rather than a felony as provided by Section 784.07(2), Florida Statutes (1977). No objection to the jurisdiction of the Circuit Court was raised by a motion to dismiss under Fla.R.Crim.P. 3.190.
After submission of the case, the jury returned the verdict of guilty as to Count I, a battery, and to Count II, an assault upon a law enforcement officer. The trial court withheld adjudication of conviction on the battery count and placed the defendant on probation for a period of two years with the special condition that she serve sixty days in the county jail. With respect to the assault conviction, the court adjudicated the defendant guilty and sentenced her to sixty days in the county jail to be served concurrently with the term of imprisonment on the battery conviction. No motion for arrest of judgment was made to challenge the subject matter jurisdiction of the court in accordance with Fla.R.Crim.P. 3.610.
Pursuant to Article V, Section 5(b), Florida Constitution, the Legislature has prescribed the jurisdiction of the Circuit Courts over criminal offenses by the adoption of Section 26.012(2)(d), Florida Statutes (1977), which in pertinent part provides as follows: "[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged."
The threshold question is whether the appellant may challenge the jurisdiction of the Circuit Court initially on appeal. The lack of subject matter jurisdiction is fundamental error and can be raised at any time. Solomon v. State, 341 So.2d 537 (Fla.2d DCA 1977). In the present case, each count of the information initially charges the appellant with a misdemeanor over which the Circuit Court lacks subject matter jurisdiction. Consequently, the conviction of an assault upon a law enforcement officer did not arise out of an offense over which the Circuit Court had jurisdiction and is therefore void. Englund v. State, 368 So.2d 86 (Fla.2d DCA 1979); Radford v. State, 360 So.2d 1303 (Fla.2d DCA 1978); and Waters v. State, 354 So.2d 1277 (Fla.2d DCA 1978).
Accordingly, the judgments and sentences are hereby vacated and the case is reversed and remanded for further proceedings consistent with this opinion.