376 So.2d 901 (1979)
Wade Ray PAGE, Appellant,
v.
STATE of Florida, Appellee.
Nos. 78-946, 78-947 and 78-948.
District Court of Appeal of Florida, Second District.
November 7, 1979.
*902 Jack O. Johnson, Public Defender, Bartow, and Wayne Chalu, Asst. Public Defender, Tampa, for appellant.
Robert L. Shevin, Atty. Gen., Tallahassee, and C. Marie King, Asst. Atty. Gen., Tampa, for appellee.
DANAHY, Judge.
Wade Ray Page appeals three judgments and sentences imposed after the trial judge revoked his probation. He argues that the circuit court lacked subject matter jurisdiction to impose one judgment and sentence because the information under which he was convicted charged only a misdemeanor; that all three judgments and sentences erroneously assessed court costs against him; and that the trial judge had no authority to order his prison terms to be served "at hard labor." We agree, reverse the judgment and sentence imposed without jurisdiction, and order the impermissible portions of the other judgments and sentences stricken.
Appellant was charged in separate informations with two instances of delivery of over five grams of cannabis and with receiving stolen property. The latter information charging a violation of Section 812.031[1] stated that appellant

*903 did unlawfully and feloniously receive, retain or aid in the concealment of certain stolen property, to-wit: a television, the property of Matt Kunish, the said Wade Ray Page then and there knowing at the time he so received, retained, or aided in the concealment of said property, as aforesaid, that said property was then and there stolen property, or under circumstances as would induce a reasonable man to believe that the property was stolen.
The trial court declared appellant to be insolvent and appointed the public defender to represent him. Appellant pled guilty to the delivery charges, and went to trial on the receiving stolen property charge. At trial in circuit court appellant rejected the further services of the public defender and chose to act as his own counsel, whereupon the public defender was discharged. During trial there was ample evidence introduced to support a verdict that the value of the stolen television set was over $100. During the state's case the prosecutor moved the trial court for leave to amend the information and asserted that the amendment would not be prejudicial to the defendant. The trial judge denied that request. Otherwise, with regard to the question of value, appellant made no objections, motions or requests for instructions. The trial judge did not mention value when he instructed the jury.
After the jury found him guilty, the trial court adjudged appellant to be guilty and ordered a probationary term of five years, the first year of which was to be served in a diagnostic treatment center. The two other pending charges resulted in orders of probation for seven and five years to run consecutively to the probationary term imposed on the stolen property conviction.
At a subsequent revocation hearing, appellant admitted he had violated the terms of his probation. Thereupon the court revoked all three orders of probation, imposed three consecutive five-year prison terms at hard labor, and assessed court costs against appellant.
On appeal, appellant urges that the information for receipt of stolen property charged only a misdemeanor; thus the circuit court had no jurisdiction over the case and all orders entered in that case, including the order of probation and the subsequent order revoking his probation and sentence of a prison term, are void. He also argues that the trial court had no authority in the other two cases to require his prison terms to be at hard labor, and that it was error to assess costs against him after he had been adjudicated insolvent. We agree.
With regard to the case of receiving stolen property, the state argues that appellant impermissibly seeks to attack proceedings prior to the order of probation in claiming that the information alleged only a misdemeanor. To demonstrate the impropriety of such an attack the state cites Section 924.06, Florida Statutes (1975), which provides that "[a]n appeal of an order revoking probation may review only proceedings after the order of probation... ." (Emphasis supplied). Brown v. State, 305 So.2d 309 (Fla. 4th DCA 1974); Stuart v. State, 353 So.2d 165 (Fla. 3d DCA 1978); Hardrick v. State, 293 So.2d 135 (Fla. 2d DCA 1974), rev'd on other grounds, 313 So.2d 695 (Fla. 1975). The state further contends that this issue was not presented to the trial court and must be presented in a motion to vacate judgment and sentence rather than by way of an appeal. We reject these arguments.
*904 We note initially that appellant is not challenging the sufficiency of the evidence of his underlying conviction as in Hardrick nor is he assailing the conditions of his probation for the first time on this appeal from the trial court's orders revoking the probation as in Brown. Furthermore, appellant does not assert that his original guilty pleas were incompetently entered as in Stuart. Rather, appellant's argument is that he was charged with only a misdemeanor and that the circuit court which has jurisdiction over felony offenses had no jurisdiction over the offense with which he was charged.
Because lack of subject matter jurisdiction is fundamental error and can be raised at any time, appellant can raise it for the first time on this appeal of his judgment and sentence following revocation of his probation. Solomon v. State, 341 So.2d 537 (Fla. 2d DCA 1977). This court has specifically held that a jurisdictional defect, such as that the action was brought in the wrong court, may be raised on appeal from an order revoking probation. Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979); Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978). Even though omission from an information of an essential element of a crime may be waived, where the omission results in the complete failure to allege a felony but clearly alleges only a misdemeanor, such a defect cannot be so cured and the felony court wherein the offense is lodged has no jurisdiction over it. Shanklin v. State, supra. Furthermore, subject matter jurisdiction cannot be cured by consent, waiver or acquiescence. Radford v. State, 360 So.2d 1303 (Fla. 2d DCA 1978); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977).
The record discloses no amendment of the information in this case. As we have noted, the evidence would support a verdict that the stolen television had a value of over $100, but appellant was tried by a jury and did not plead to a factual recitation so as to tacitly amend the information as in Shanklin v. State, supra:
On the same rationale, we hold that appellant's plea of guilty to the crime of battery of a law enforcement officer, after the state had properly laid a factual basis, constituted a tacit amendment of the information to properly charge that offense. Once the information is deemed to have been amended, jurisdiction is no longer a problem, and the judgment cannot be collaterally attacked. The same result could not have occurred in . . (cases involving jury verdicts), because there were no guilty pleas.
Unlike the state, which argues otherwise, we find no consent by appellant to any amendment to the information. On the contrary, the trial judge specifically denied a motion by the state to amend the information. The fact that appellant entered no objection nor motion nor request for instruction concerning the question of valuation of the television could not cure the absence of the necessary allegation of value and in no way constitutes a consent to an amendment of the information to supply it.
The information failed to allege the necessary valuation (that the property stolen and received was worth more than $100) required to vest jurisdiction in the circuit court. Absent this allegation the offense charged is a misdemeanor of the second degree. Section 812.031(3). Because this is so, the circuit court had no jurisdiction over the charged misdemeanor in this case. Article V, Section 5(b), Florida Constitution; Section 26.012, Florida Statutes (1975). Thus, any orders entered by the court in this case were a nullity and must be reversed. Englund v. State, 368 So.2d 86 (Fla. 2d DCA 1979); Dicaprio v. State, 352 So.2d 78 (Fla. 4th DCA 1977); Pope v. State, 268 So.2d 173 (Fla. 2d DCA 1972). Accordingly, this case is reversed and the order placing appellant on probation, the order revoking his probation, and the judgment and sentence are vacated.
Felony amounts of cannabis were alleged in the two other cases before us and so the jurisdiction of the trial court is not in question. However, for the reasons we state below we remand the sentences in *905 those cases with instructions that the trial court strike the provisions that appellant be confined "at hard labor" and that court costs be assessed against him. Appellant need not be present for that purpose. There is no longer authority for imposing a sentence "at hard labor" in this state. Speller v. State, 305 So.2d 231 (Fla.2d DCA 1974). And since appellant was adjudged to be insolvent, the trial court was not authorized to assess costs against him. § 939.15, Florida Statutes (1977); Cox v. State, 334 So.2d 568 (Fla. 1976). In all other respects the judgments and sentences in these two cases are affirmed.
Reversed in part, affirmed in part, and remanded for proceedings consistent with this opinion.
NOTES
[1] § 812.031, Fla. Stat. (1975):

(1) Whoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
(2) If the property received is:
(a) Of the value of $100 or more;
.....
the offender shall be deemed guilty of a felony of the third degree, punishable as provided in § 775.084.
(3) If the property received is not described in subsection (2), the offender shall be deemed guilty of a misdemeanor of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084.
.....