PER CURIAM.
Richard G. Davis appeals from an order revoking his probation and his subsequent *1225 five year prison sentences. Appellant was originally charged in two informations with grand larceny and receiving stolen property. The information on the latter charge stated that appellant feloniously received a 1972 Tahaiti boat and motor, knowing that the property had been stolen. Appellant pled guilty to both charges and was placed on five years probation on each, the periods to run concurrently. He was later charged with three violations and his probation was revoked. The trial judge sentenced appellant to two five year concurrent prison terms.
Appellant now contends that the trial court originally lacked subject matter jurisdiction to place him on probation for receiving stolen property. He argues that because the information failed to allege that the value of the boat was worth $100 or more, he was never charged with a felony. Thus, the order placing appellant on probation and the order revoking his probation were void. We agree and reverse.
We were presented with the identical issue in Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978). Noting that lack of subject matter jurisdiction may be raised at any time, we held that the failure of the information to allege that the stolen property was worth $100 or more only alleged a misdemeanor and, therefore, did not give the circuit court jurisdiction to place appellant on probation. Thus, the subsequent order modifying his probation was a nullity and was vacated. Moreover, as in the instant case, “there was no recitation of value in the factual basis outlined before the court, nor was there any other evidence before the court to supply the omitted allegation on this issue.” 354 So.2d at 1278. See Page v. State, 376 So.2d 901, (Fla.1979); Shanklin v. State, 369 So.2d 620 (Fla. 2d DCA 1979).
Accordingly, the order placing appellant on probation for receiving stolen property, the order revoking his probation on that charge, and the sentence entered thereon are vacated and the case is reversed and remanded for proceedings consistent with this opinion. Since no error is alleged with respect to the information for grand larceny, the revocation of probation and subsequent sentence on that charge is affirmed.
GRIMES, C. J., and BOARDMAN and DANAHY, JJ., concur.