BOARDMAN, Judge.
James Hart Scott appeals convictions and sentences for two counts of battery on a law enforcement officer, two counts of resisting an officer with violence, and escape. The only point which merits discussion is his contention that the convictions and sentences for battery on a law enforcement officer are illegal. We agree and reverse in part.
*1022 The information charged, as to the counts of battery on a law enforcement officer, in violation of Section 784.07(2), Florida Statutes (1977), that appellant
actually and intentionally did touch and strike another person, to-wit: [sic] R. Z. Wyatt, [K. H. Hendrix] against the will of the said R. Z. Wyatt [K. H. Hendrix] and the said R. Z. Wyatt [K. H. Hendrix] then and there was a law enforcement officer engaged in the lawful performance of his duties. .
The essential element of knowledge that the victim was a law enforcement officer was not alleged in either battery count.
Omission of the essential element of knowledge renders both of the subject counts of the information insufficient to charge the felony offense of battery on a law enforcement officer. However, both counts are sufficient to charge the first-degree misdemeanor offense of simple battery, proscribed by Section 784.03, Florida Statutes (1977). Englund v. State, 368 So.2d 86 (Fla.2d DCA 1979); Radford v. State, 360 So.2d 1303 (Fla.2d DCA 1978); see also Shanklin v. State, 369 So.2d 620 (Fla.2d DCA 1979).
Accordingly, the portion of the judgment and sentence pertaining to the battery on a law enforcement officer counts is vacated and the cause remanded with instructions to adjudicate appellant guilty of simple battery as to these counts and enter appropriate sentences thereon, which may not exceed one year on each count. §§ 784.03(2), 775.082(4)(a), Fla.Stat. (1977).
The remaining points raised by appellant have been considered and are without merit. The convictions and sentences for escape and resisting an officer with violence are therefore affirmed.
HOBSON, Acting C. J., and DANAHY, J., concur.