CAMPBELL, Judge.
This is an appeal from the granting of the defendant-appellee’s motion to dismiss the state’s information and to discharge him for the state’s failure to bring him to trial within the terms of the speedy trial rule. Fla.R.Crim.P. 3.190. Appellee was charged by direct information on April 9, 1980, with grand theft of a motor vehicle in violation of section 812.014(2)(b), Florida Statutes (1979). On April 18, May 21, June 10, and July 22, 1980, he requested and was *1061 granted continuances for the purpose of preparing for trial, each time waiving speedy trial to the next agreed upon trial date. On July 22, the trial date was set for October 14, 1980. On October 14, the case was continued until October 15. On October 15, before trial began, appellee filed a motion to dismiss the information, alleging that it failed to include the specific word “knowingly” in charging him with obtaining or using, or endeavoring to obtain or use the alleged motor vehicle. Appellee further moved to discharge on speedy trial grounds, alleging that the failure to allege “knowingly” in the information was a fundamental defect and, therefore, the trial court had been without jurisdiction and the previous speedy trial waivers were null and void, relying on Waters v. State, 354 So.2d 1277 (Fla.2d DCA 1978), and Radford v. State, 360 So.2d 1303 (Fla.2d DCA 1978).
Thereafter, with apparent caution, appellant moved to amend the information to add the word “knowingly.” The court denied the motion to amend and granted ap-pellee’s motion to dismiss and discharge, concurring with appellee’s reliance on Waters and Radford. That reliance by the appellee and the trial court was misplaced. In Waters, the defendant pled guilty in circuit court to an information charging him with receiving stolen property. The information did not allege the value of the property. When the factual basis for accepting the guilty plea was outlined, no motion was made of value and no evidence of value was before the court. After being placed on probation and subsequently found guilty for violation of probation, the defendant appealed, alleging lack of subject matter jurisdiction in the circuit court for failure to allege value. This court vacated the order placing the defendant on probation and the subsequent order modifying that probation, holding that since no value was alleged the information only charged a misdemeanor and the circuit court did not have jurisdiction, thereby rendering its proceedings void.
Radford was also an appeal following a conviction where this court followed the Waters reasoning in considering an information which failed to allege the defendant “knowingly” committed a battery upon a law enforcement officer. The necessity of the use of the word “knowingly” there was predicated on the fact that the defendant must “know” that the person upon whom he commits a battery is a law enforcement officer in order for the offense to be a felony. Otherwise, a simple battery is a misdemeanor. Radford is further removed factually from our case in that the information there concluded with the reference that the crime charged was “in violation of Florida Statute 784.03” which is the misdemean- or statute.
Here, the caption of the information informs that it is for “Grand Theft In the Second Degree F.S. 812.014(2)(b).” The body of the information charges that the defendant “did unlawfully obtain or use, or endeavor to obtain or use” the alleged vehicle “and in so doing intended either to deprive” the owner of the vehicle or appropriate it to the use of appellee or some other person not entitled to it “contrary to the form of the Statute.” Section 812.014 provides that a person is guilty of theft if he knowingly obtains or uses, or endeavors to obtain or use, the property of another with intent to deprive the owner of the property or to appropriate it to the defendant or any other person not entitled to the property. It is difficult to see that the addition of the word “knowingly” to the requirement of “with intent” adds anything to the statute. Putting the two together, “knowingly, with intent” seems to be a mere repetition. We, therefore, conclude that the word “knowingly,” though included in the statute, is not a necessary allegation in the information before us in light of the other wording of the information. Our conclusion is supported by Williams v. State, 370 So.2d 1143 (Fla.1979), and State v. Allen, 362 So.2d 10 (Fla.1978). In construing the predecessor statute which did not include the term “knowingly,” the Williams court determined that the use of the term “endeavors” was a sufficiently specific averment of an overt act constituting criminal intent. If it is a sufficient averment for *1062 that purpose, it seems to us to naturally follow that it is sufficient to imply “knowledge.” In State v. Allen, the court also considered section 812.014 as it existed before the word “knowingly” was added. A predecessor larceny statute had required commission of the offense “with unlawful intent.” In the statute before the court in State v. Allen, the word “unlawful” had been deleted. The court held that deletion of the term “unlawful” did not have the effect of eliminating the element of specific criminal intent, which to us necessarily includes the element of knowledge. The court in State v. Allen seemed to recognize this by again construing the term “endeavors” as meaning “an overt act manifesting criminal intent, rather than merely the formulation of a mental intent.” 362 So.2d at 12.
Even if, contrary to our opinion, the word “knowingly” was necessary to the information, we feel the trial judge was in error in refusing the appellant the right to amend prior to the commencement of the trial. Lackos v. State, 326 So.2d 220 (Fla.2d DCA 1976), Tobler v. Beckett, 297 So.2d 59 (Fla.2d DCA 1974), Law v. State, 292 So.2d 596 (Fla.2d DCA 1974).
We, therefore, reverse and remand for treatment consistent herewith.
SCHEB, C. J., and OTT, J., concur.