DANIEL S. PEARSON, Judge.
The question before us on this appeal is whether the circuit court had jurisdiction over the defendant, who was charged by means of an information captioned “GRAND THEFT SECOND DEGREE 812.014 FEL.,” where the body of the information contained no statement concerning the value of the property alleged to have been stolen.[1] Concluding that the circuit court had jurisdiction and that, therefore, the defendant was in jeopardy once the trial on said information began, we affirm the trial court’s ruling that the State’s nolle prosequi of this information during trial barred it, on jeopardy grounds, from later bringing the defendant to trial on a second information which contained the missing allegation concerning the value of the property.
After the defendant’s non-jury trial began, he moved to dismiss the charge against him on the ground that the information’s failure to allege the value of the property stolen rendered it fatally defective.[2] No ruling on the motion was then forthcoming, and the State went forward with its proof which established that the value of the property was in excess of $100.00. After further argument the State agreed that the information at most charged a misdemeanor; contended that the circuit court thus had no subject matter jurisdiction; and, despite the trial court’s prescient warning that jeopardy had attached, announced a nolle prosequi of the case. When shortly thereafter the State filed a second information with value alleged, the trial court, on the defendant’s motion, dismissed it on double jeopardy grounds. The State appeals.
It is well settled that the omission from an information of an essential element of a crime is not itself a defect that affects the jurisdiction of the court to preside over the case and adjudicate the defendant guilty or not guilty. Tracey v. State, 130 So.2d 605 (Fla.1961) (omission of allegation of scien-ter in obscenity charge); Sinclair v. State, 46 So.2d 453 (Fla.1950) (omission of allegation of intent to defraud in forgery case). While such an omission may well render the information insufficient, the defect may be waived, Sinclair v. State, 46 So.2d 453, and a conviction will be upheld where the unalleged element is proved. Tracey v. State, 130 So.2d 605.
A jurisdictional defect is otherwise. Pursuant to Section 26.012(2)(d), Florida Statutes (1985), a circuit court has jurisdiction “[o]f all felonies and of all misdemeanors arising out of the same circumstances as a felony which is also charged.” Accordingly, it has been held that
“where the omission results in the complete failure to allege a felony but clearly alleges only a misdemeanor, such a defect cannot be so cured and the felony court wherein the offense is lodged has no jurisdiction over it.”
Page v. State, 376 So.2d 901, 904 (Fla. 2d DCA 1979).
In Page, the information charged the defendant with violating Section 812.031, Florida Statutes (1975), by unlawfully and *249 feloniously receiving a stolen television set, knowing that it was stolen. Notwithstanding that a subsection of the statute provided that the offense would be deemed a misdemeanor of the second degree if the property received had a value of less than $100.00,[3] the information failed to allege the value of the goods. The defendant, convicted and placed on probation for a felony of the third degree upon undisputed proof that the value of the property exceeded $100.00, raised the issue of the defective information for the first time on appeal from an order revoking his probation and imposing a term of imprisonment. The appellate court, recognizing that lack of subject matter jurisdiction is fundamental error that can be raised at any time, agreed that because the information failed to allege that the property received was worth more than $100.00, it charged a misdemeanor only and that, therefore, the circuit court had been without jurisdiction to place the defendant on probation in the first instance. See also Davis v. State, 376 So.2d 1224, 1225 (Fla. 2d DCA 1979); Waters v. State, 354 So.2d 1277 (Fla. 2d DCA 1978).
It is clear from Page and like cases that the reference in an information to a statute which proscribes both misdemeanor and felony offenses does not unambiguously charge a felony and thus cannot be the basis for a circuit court’s felony jurisdiction. See also Brehm v. State, 427 So.2d 825 (Fla. 3d DCA 1983) (where statute making tampering with vending machines and parking meters second-degree misdemean- or provided that upon second conviction, offense would be third-degree felony, failure of information to allege prior conviction deprived circuit court of subject matter jurisdiction as only misdemeanor was charged by general reference to statute). However, where elsewhere on the face of the information it is made clear that the defendant is being charged with a felony, there is no jurisdictional defect.[4]
It is precisely because of this that the Florida Supreme Court in State v. Phillips, 463 So.2d 1136 (Fla.1985), reversed the First District’s holding that where an information fails to allege the two prior petit theft convictions necessary to elevate a presently alleged petit theft from a misdemeanor to a felony of the third degree under Section 812.014(2)(c), Florida Statutes (1981),[5] the circuit court is without *250 jurisdiction notwithstanding that the information is captioned “FELONY PETIT THEFT.” Disagreeing with the First District, the Supreme Court held on the narrow question of “whether the information ... sufficiently alleged commission of a felony and thus properly invoked the jurisdiction of the circuit court,” State v. Phillips, 463 So.2d at 1137, that
“because the charging documents clearly labeled the crime charged as felony petit theft and cited the statute providing that the crime charged could be proved only by evidence of a misdemeanor theft and two prior convictions for misdemeanor theft, ... the information was not fundamentally defective and adequately invoked the jurisdiction of the circuit court.”
Id. at 1138.
The holding of the Supreme Court in Phillips dictates our holding in the present case. Despite the failure of the information under scrutiny to speak to the value of the property stolen, its caption clearly labeled the crime charged as “GRAND THEFT SECOND DEGREE 812.014 FEL.” The information thus did not result “in the complete failure to allege a felony,” Page v. State, 376 So.2d at 904, and “adequately invoked the jurisdiction of the circuit court.” State v. Phillips, 463 So.2d at 1138. When the trial of Everett’s case over which the circuit court thus had jurisdiction was aborted by the State’s announcement of a nolle prosequi, a retrial of Everett was barred by state and federal constitutional prohibitions against being placed twice in jeopardy.
The dismissal of the information is
Affirmed.

. The body of the information charged that Everett [and a co-defendant not on trial]
"did knowingly, unlawfully and feloniously obtain or use, or did knowingly, unlawfully and feloniously endeavor to obtain or to use CLOTHING, the property of MARSHALLS INC., and/or RICK LANDAU, of a right to the said property or a benefit therefrom or to appropriate the same to their own use or to the use of a person not entitled thereto, in violation of 812.014, Florida Statutes.”

. The defendant, believing that jeopardy had attached, moved to dismiss the charge after the State’s first witness was sworn but before the court began to hear testimony. Had the State then nol prossed the case instead of going forward with testimony, jeopardy would not have attached. See Bernard, v. State, 261 So.2d 133 (Fla.1972).

. Section 812.031, Florida Statutes (1975), reads in pertinent part:
"(1) Whoever intentionally receives, retains, disposes, or aids in concealment of any stolen property of another without consent of the owner or person entitled to possession, knowing that it has been stolen, or under such circumstances as would induce a reasonable man to believe that the property was stolen, commits an offense.
"(2) If the property received is:
"(a) Of the value of $100 or more;
[[Image here]]
“the offender shall be deemed guilty of a felony of the third degree, punishable as provided in s. 775.082, s. 775.083, or s. 775.084. “(3) If the property received is not described in subsection (2), the offender shall be deemed guilty of a misdemeanor of the second degree, punishable as provided in s. 775.-082, s. 775.083, or s. 775.084.”

. As will be seen infra, the Florida Supreme Court’s holding in State v. Phillips, 463 So.2d 1136 (Fla.1985), that a recitation in the caption of the information that a felony was being charged is sufficient to vest jurisdiction in the circuit court, casts some doubt on the continued vitality of the holdings of certain other cases. For example, in Page v. State, 376 So.2d 901, the information alleged that the crime, otherwise undifferentiated, was committed "feloniously.” It does not appear from the case that the significance vel non of the word was argued or considered. And in both Wesley v. State, 375 So.2d 1093 (Fla. 3d DCA 1979), and Englund v. State, 368 So.2d 86 (Fla. 2d DCA 1979), the informa-tions, although omitting an essential element of the felony of battery upon a law enforcement officer, specifically referred by number to the statute that elevated that particular offense to a felony.

.Section 812.014(2)(c), Florida Statutes (1981), provides:
"Theft of any property not specified in paragraph (a) or paragraph (b) is petit theft and a misdemeanor of the second degree, punishable as provided in s. 775.082 or s. 775.083. Upon a second conviction for petit theft, the offender shall be guilty of a misdemeanor of the first degree, punishable as provided in s. 775.082 or s. 775.083. Upon a third or subsequent conviction for petit theft, the offender shall be guilty of a felony of the third degree, punishable as provided in ss. 775.082, 775.083, and 775.084.”