736 So.2d 1214 (1999)
Michael TATUM, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1341.
District Court of Appeal of Florida, First District.
May 27, 1999.
Nancy A. Daniels, Public Defender; P. Douglas Brinkmeyer, Assistant Public Defender, Tallahassee, for Appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General; Laura Fullerton Lopez, Assistant Attorney General, Tallahassee, for Appellee.
WEBSTER, J.
In this direct criminal appeal, appellant contends that the trial court lacked jurisdiction to revoke his probation and to sentence him to ten months in the county jail because the probation revocation process was not commenced until after his probationary term had expired. We agree and, accordingly, reverse.
In Boyd v. State, 699 So.2d 295, 298 (Fla. 1st DCA 1997), this court certified to the supreme court as a question of great public importance the following:
WHEN AN ARREST WARRANT IS SIGNED BY A JUDGE BASED UPON AN AFFIDAVIT ALLEGING A VIOLATION OF PROBATION OR COMMUNITY CONTROL, IS DELIVERY OF THE WARRANT TO THE APPROPRIATE COUNTY SHERIFF FOR EXECUTION A NECESSARY CONDITION PRECEDENT TO COMMENCEMENT OF THE REVOCATION PROCEEDING FOR THE PURPOSE OF DETERMINING WHETHER THE PROCEEDING HAS BEEN COMMENCED BEFORE THE EXPIRATION OF THE TERM *1215 OF PROBATION OR COMMUNITY CONTROL?
That question was answered in the affirmative by a unanimous supreme court. State v. Boyd, 717 So.2d 524 (Fla.1998).
In this case, the state concedes that the arrest warrant was not delivered to the sheriff until after appellant's probationary term had expired. Notwithstanding that fact, the state argues that the trial court had jurisdiction because an affidavit alleging that appellant had violated his probation was filed before the end of appellant's probationary term. As the supreme court's answer to the question posed by this court in Boyd clearly establishes, when the affidavit alleging a violation of probation or community control is filed is legally irrelevant; the determinative event for purposes of commencing the revocation process is delivery of the arrest warrant to the sheriff for execution. Accordingly, the state's argument is without merit.
The revocation process was not timely commenced in this case. This is a jurisdictional defect. Boyd, 717 So.2d at 526. Therefore, it may be raised for the first time on appeal. E.g., Polk County v. Sofka, 702 So.2d 1243 (Fla.1997); 84 Lumber Co. v. Cooper, 656 So.2d 1297 (Fla. 2d DCA 1994). Accordingly, we reverse, and remand with directions that the order revoking probation and the judgment and sentence entered subsequent thereto be vacated; that the affidavits alleging a violation of probation be dismissed; and that appellant be discharged.
REVERSED and REMANDED, with directions.
MINER and LAWRENCE, JJ., CONCUR.