PER CURIAM.
Appellant, Solomon N. Fisher, appeals an order modifying the terms of his probation. Fisher argues two points on appeal. First, he argues that the trial court erred in conducting a violation of community control hearing when he had never been sentenced to community control. Next, he argues that the trial court improperly modified the terms of his probation absent a finding that a violation of probation had occurred. On appeal, the State agrees that the trial court erred in modifying Fisher’s probation. We find that Fisher is entitled to relief on the first issue and therefore decline to address the second issue.
Fisher was arrested and charged with home invasion robbery while serving a five-year period of probation imposed in 1998. After a jury trial, Fisher was acquitted of the robbery charges. Upon his acquittal, Fisher remained in jail pending his violation of probation hearing. The trial court subsequently granted Fisher’s request for a bond reduction and released him on the condition that he comply with community control restrictions and wear a GPS bracelet.
Prior to Fisher’s VOP hearing, a probation officer assigned to Fisher’s ease determined that Fisher had exceeded the geographical limitations of his community control and filed a violation of community control affidavit. Upon conclusion of the VOP hearing, the trial court determined that Fisher was not guilty of violating his 1998 probation but was guilty of violating community control. As a result, the trial court entered an order modifying Fisher’s probation requiring him to serve six months of GPS-monitored community control followed by twelve months of conventional community control.
Fisher has never been sentenced to community control. The trial court’s order granting Fisher’s request for bond reduction can only be seen as placing restrictions upon his “travel, association, or place of abode” in accordance with Florida Rule of Criminal Procedure 3.131(b)(1)(C). As such, revocation of Fisher’s bond would have been the appropriate sanction. The trial court had no jurisdiction to conduct a violation of community control hearing and impose sanctions. Cf. Laster v. State, 805 So.2d 909 (Fla. 2d DCA 2001) (holding that the trial court could not sentence defendant for probation violation if defendant never received probation); Otero v. State, 793 So.2d 1115, 1115 (Fla. 4th DCA 2001) (holding that the trial court did not have jurisdiction to revoke defendant’s probation absent evidence that probation was part of his sentence); Tatum v. State, 736 So.2d 1214, 1214 (Fla. 1st DCA 1999) (holding that the trial court lacked jurisdiction to revoke probation after probationary period had expired).
Accordingly, we REVERSE and REMAND with directions for the trial court *560 to vacate the order modifying Fisher’s probation.
ERVIN, BOOTH, and KAHN, JJ, concur.