STRINGER, Judge.
Donna Dowd seeks review of the order finding her in violation of her community supervision. We reverse because the trial court did not have jurisdiction to enter the order.
The State charged Dowd with possession of cocaine, possession of drug paraphernalia, and disorderly conduct in 2001. Dowd entered a guilty plea to the charges, and the court placed her on eighteen months of drug offender probation. An affidavit of violation of probation was subsequently filed alleging that Dowd had violated probation because she failed a urine test. Dowd appeared before the court and denied the allegations. Defense counsel agreed to Dowd’s release under community control conditions pending the probation violation hearing. The court thereafter recalled the warrant for Dowd and “modified” Dowd’s drug offender probation to community control pending the probation violation hearing. Dowd did not admit to violating probation at this prehearing proceeding, and the trial court did not revoke her probation. The trial court explained to Dowd “that if you violate your community control you’re going to awaiting [sic] this hearing in the Hillsborough County Jail.”
A second amended affidavit of violation of probation was eventually filed, stating all of the claimed grounds for the violation, which included failing to comply with the conditions of community control. Defense counsel filed a motion to dismiss the amended affidavit on the grounds that the affidavit charged Dowd with community control violations when the trial court had not placed Dowd on community control as a sentence, but as a condition of prehear-ing release. After a revocation hearing, the court entered an order finding Dowd in violation of her community supervision and imposing sanctions. The only violations *1124 found concerned conditions of community control and not conditions of probation.
The trial court did not have jurisdiction to enter the order finding Dowd in violation of community control because the court did not have the authority to impose community control in the first place. See Fisher v. State, 859 So.2d 558, 559 (Fla. 1st DCA 2003). Under Florida Rule of Criminal Procedure 3.131(b)(1)(C), courts may impose a condition of pretrial release that places “restrictions on the travel, association, or place of abode of the defendant during the period of release.” The remedy for a violation of that condition is the revocation of pretrial release. See § 907.041(4)(c)(7), Fla. Stat. (2002). However, such a condition does not constitute a sentence of community control that can be enforced by a revocation of community control and the imposition of sanctions. Fisher, 859 So.2d at 559.
Reversed and remanded.
NORTHCUTT, J., and DANAHY, PAUL W., Senior Judge, concur.