# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D17-1581
_____

STATE OF FLORIDA,

　　Appellant,

　　v.

FLEM WILLIAMS,

　　Appellee.

_____

On appeal from the Circuit Court for Leon County.
Angela C. Dempsey, Judge.

December 5, 2018

ON MOTION FOR REHEARING OR CLARIFICATION

WINOKUR, J.

We deny the State's motion for rehearing and grant its motion for clarification, withdraw our previously-issued opinion and substitute the following revised opinion.

The State appeals the trial court's dismissal of Appellee's probation violation affidavit, arguing that it properly tolled Williams' probationary period pursuant to the version of section 948.06, Florida Statutes in effect at the time of Williams' original probation violation. While the State may be correct that the trial court erred in dismissing the probation violations, it failed to preserve the issue for appellate review. We also reject the State's

argument that the jurisdictional issue addressed here can be raised for the first time on appeal. As a result, we affirm.

## I.

In 1987, Williams was charged with possession of cocaine and resisting an officer. Williams entered a no-contest plea and the trial court imposed a three-year probationary sentence. The conditions of probation required Williams to pay certain costs.

In 1991, three days before Williams' probationary term was set to expire, the State filed a violation of probation affidavit alleging that Williams failed to pay the costs imposed and a warrant was issued. Williams does not appear to have ever been arrested on this warrant.

Twenty-four years later, Williams was arrested for a domestic-violence related battery in Georgia. In 2015, the State filed an amended probation violation affidavit alleging that, in addition to his failure to pay the costs of probation, Williams violated his probation due to his battery arrest. A warrant was issued and in 2017, Williams was arrested.

Williams moved to dismiss the probation violation proceedings on the ground that the State failed to properly toll his probation because, pursuant to *Mobley v. State*, 197 So. 3d 572 (Fla. 4th DCA 2016), a warrant cannot toll probation for technical violations. At a hearing on this motion, the State conceded that *Mobley* required that the affidavit be dismissed, but urged the trial court to "recede" from *Mobley* because it improperly interpreted section 901.02, Florida Statutes, as it is cited in section 948.06(1), Florida Statutes. The trial court then granted the motion and dismissed Williams' probation violations.

## II.

On appeal, the State does not argue that *Mobley* applied but constituted an improper interpretation of the law. Instead, the State argues that *Mobley* did not apply because *Mobley* interpreted a version of section 948.06(1) that did not yet exist when Williams violated his probation, and that at the time

2

Williams violated his probation, tolling occurred upon issuance of a warrant, regardless of whether the violation was technical or substantive. "[T]he specific legal ground upon which a claim is based must be raised at trial and a claim different than that raised below will not be heard on appeal." *Rodriguez v. State*, 609 So. 2d 493, 499 (Fla. 1992). Because the argument raised on appeal is not the same as the one raised to support the objection below, the State did not preserve this issue for appellate review.

III.

The State also claims that this Court can consider the argument because it involves jurisdiction, and jurisdictional issues can be raised for the first time on appeal. We find this argument unavailing here.

It is true that the question of subject-matter jurisdiction may generally be raised for the first time on appeal. *See Hoffman v. State*, 729 So. 2d 421, 422 (Fla. 1st DCA 1999). This is because a court acting beyond its jurisdiction may be committing fundamental error. *See Smith v. State*, 521 So. 2d 106, 108 (Fla. 1988) (recognizing that "[t]he doctrine of fundamental error should be applied only in rare cases where a jurisdictional error appears or where the interests of justice present a compelling demand for its application"). The State, however, misapprehends why a jurisdictional argument may implicate fundamental error. It is the lack of subject matter jurisdiction that may be fundamental error and raised for the first time on appeal. *See Dep't of Revenue v. Vanamburg*, 174 So. 3d 640, 642 (Fla. 1st DCA 2015).[*]

---

[*] *See also Woods v. State*, 879 So. 2d 651, 654 (Fla. 5th DCA 2004) (concluding that "lack of jurisdiction may not be cured by consent, it is not subject to waiver and it can be raised at any time, including the first time on direct appeal"); *State v. Vesquez*, 755 So. 2d 674, 677 (Fla. 4th DCA 1999) (finding that "[w]here a court lacks the jurisdiction to take the action under attack on appeal, the case is one involving fundamental error, so that no objection is required in the trial court"); *State v. Everett*, 496 So. 2d 247, 249 (Fla. 3d DCA 1986) (affirming that "lack of subject matter jurisdiction is fundamental error that can be raised at any

In this case, the State is not arguing that the trial court lacked jurisdiction; it is arguing the opposite. The State argues that it properly tolled Williams' probationary period before it expired, and that the trial court erred by finding that the State did not properly toll probation and that the court consequently did not have jurisdiction. The State relies on *Tatum v. State*, 736 So. 2d 1214 (Fla. 1st DCA 1999), to support its position that this jurisdictional issue can be raised for the first time on appeal. The issue in *Tatum*, however, was that the "trial court *lacked* jurisdiction to revoke [defendant's] probation . . . ." 736 So. 2d at 1214 (emphasis added). That is precisely why the court found that the issue "may be raised for the first time on appeal" since it involved "a jurisdictional defect." *Id*. at 1215.

Lack of jurisdiction constitutes fundamental error because a trial court cannot act in excess of its authority, and failure to correct that error "would undermine the integrity of our system of justice." *Bain v. State*, 730 So. 2d 296, 302 (Fla. 2d DCA 1999). Conversely, a trial court's failure to exercise its own authority does not trigger the concerns underpinning the doctrine of fundamental error. Such an error requires preservation before it may be raised on appeal. Therefore, the State may not raise this argument for the first time on appeal.

IV.

The trial court here chose not to exercise jurisdiction which it appears to have had. An argument that the court erred in doing so does not implicate fundamental error and cannot be raised for the first time on appeal. As a result, we are constrained to affirm.

AFFIRMED.

ROBERTS and ROWE, JJ., concur.

---

time"); *Page v. State*, 376 So. 2d 901, 904 (Fla. 2d DCA 1979) (concluding that "[b]ecause lack of subject matter jurisdiction is fundamental error and can be raised at any time, appellant can raise it for the first time on this appeal").

4

_____

*Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.*

_____

Pamela Jo Bondi, Attorney General, Jason Rodriguez, Assistant Attorney General, and Anna Norris, Assistant State Attorney, Tallahassee, for Appellant.

Andy Thomas, Public Defender, and Laurel Cornell Niles, Assistant Public Defender, Tallahassee, for Appellee.